## ABIJAH FISK v. ROBERT MOORES.

Permission to occupy certain premises, without pay, on condition of leaving whenever required by the owner to do so, does not give rise to the relation of landlord and tenant between the parties, nor invest the owner with the lessor's lien or privilege, or right of sequestration. A stipulation for rent is of the essence of the contract of lease.

Liens and privileges are *stricti juris,* and exist only where they have been expressly given by law. C. C. 3152.

APPEAL from the District Court of the First District, *Buchanan, J.*

MORPHY, J. The defendant was allowed by the plaintiff the privilege of occupying, without pay, certain premises he owned

in Julia street, on condition that he should remove therefrom
whenever required to do so.   Shortly after, the plaintiff having
found a tenant for the premises at a yearly rent of $1250, noti-
fied defendant to leave, which the latter neglected or refused to
do for more than three months, when the present trial was
brought to regain possession.   The plaintiff claims $434 50 for
the occupancy of the lot during the three months ; $200 for cash
loaned to defendant ; $25 for damages done to the premises in
tearing down the fences ; and $6 for money expended in piling
lumber in the yard—the whole with a privilege on all the mova-
bles found on the premises, which he caused to be sequestered.
There was a judgment below in favor of the plaintiff for $543 50,
with a privilege upon the property sequestered.   The defend-
ant appealed.

A motion was made below to set aside the sequestration,
which, in our opinion, should have prevailed.   It issued, we
think, improvidently.   The mere occupancy of property does
not necessarily imply the relation of lessor and lessee, and thus
give rise to the landlord's lien or privilege.   If it be against the
will of the owner, such occupancy may entitle the latter to the
estimated rents of the property, as damages for the trespass or
illegal detention ; but the landlord's lien or privilege grows only
out of the contract of lease, which clearly did not exist between
these parties.   Far from there being any stipulation for a rent,
which is of the essence of a lease, the defendant took possession
of the property under the express agreement that he should pay
nothing, and should restore it as soon as required to do so.   The
reiterated notices to quit which he received from the plaintiff,
excludes all idea even of an implied contract of lease.   Civil
Code, art. 2641.   12 La. 492.   15 La. 372.   Liens and privile-
ges exist only in those cases where they are expressly given by
law.   They are *stricti juris*, and cannot be extended from one
case to another, however just and reasonable it may appear
that they should be so extended.   Civil Code, art. 3152.   17 La.
160.   18 La. 70.

The several amounts allowed by the judgment appealed from
appear to us sufficiently proved.   That of $200, which is alleged
to be for money loaned, is shown by the evidence to have been

an advance on a contract by which the defendant was to fur-
nish lumber to the plaintiff. After a quantity of between 30,000
and 40,000 feet of lumber had been brought into the lot, and
represented to plaintiff as sufficient to cover an advance of
$200, which defendant was desirous of obtaining, the former
was prevailed upon to give the money. Shortly after defendant
sold the greater part of the lumber, leaving in the yard only
about 6000 or 8000 feet of it, which were afterwards sequester-
ed as defendant's property, and sold by the sheriff, by consent of
parties. Under these circumstances the plaintiff is, we think,
entitled to recover back his money.

It is, therefore, ordered, that the judgment of the District Court
be reversed, so far as it allows a privilege on the property se-
questered, and that it be affirmed in all other respects ; the plain-
tiff and appellee to pay the costs below incurred for the seques-
tration, and those of this court.

*Elmore* and *W. W. King*, for the plaintiff.
*Winthrop* and *Kennedy*, for the appellant.