# Hays *v.* Anderson *et al.*

### *Suit on Garnishment Bond.*

1. *Condition of garnishment bond.*—The condition of a garnishment bond, given under section 2892 of the Revised Code, is to prosecute such suit to effect, and pay the defendant all such damages as he may sustain from the wrongful or vexatious suing out of such garnishment.—R. C. § 2931.

2. *Damages intended to indemnify defendant, not garnishee; defendant under no obligation to defend garnishee.*—The damages for which the bond in garnishment is intended to provide an indemnity, are those sustained by the defendant to the suit, not by the garnishee. The defendant in the suit is

[Hays v. Anderson et al.]

under no obligation to defend the garnishee, and if he does give such gratuitous defense, he cannot charge the makers of the bond. (Reaffirming *Pounds v. Hamner*, present term, p. — of this volume.)

3. *Reasons why action given defendant.*—When the garnishee is actually indebted, and the claim thereby tied up, and its collection delayed, some damage may be done defendant, and the debt lost to him; and the tendency of garnishment is to harrass and bring odium on defendant; therefore, on these accounts, an action is allowed defendant when garnishment is wrongfully or vexatiously sued out.—*Pounds v. Hamner, supra.*

4. *Damages when garnishment wrongful and vexatious; liability on breach of condition of bond.*—If the garnishment be simply wrongful, the measure of damages and of recovery will be only the actual injury sustained; and if it be also vexatious, exemplary damages may then be recovered—the amount to be determined by the jury in their discretion.—*Pounds v. Hamner, supra.* If there be no ground for the process of garnishment, then the condition of the bond is broken, and the bondsmen are liable for the actual damage caused by its issue.—*Barber v. Ferrill,* present term.

5. *For what plaintiff no right to recover.*—The plaintiff to this suit has no right to recover for the defense of the original suit, nor for his defense of the garnishment suit, nor for the expense of bringing the present action.

6. *Demurrer to count containing good and bad breaches.*—When a complaint or count contains both good and bad breaches, the error can not be reached by a demurrer to the complaint or count.

APPEAL from Circuit Court of Covington.

Tried before the Hon. JOHN D. KING.

The complaint was filed by James T. Hays, appellant, against B. L. Anderson *et als.* appellees, and is substantially as follows:

"The plaintiff claims of the defendant ―― dollars, for the breach of a covenant entered into by them on the 15th day of September, 1873, conditioned to pay plaintiff all such damages sustained by him for the wrongful or vexatious suing out process of garnishment against G. F. U. on a summons and complaint, wherein a suit was instituted against plaintiff by the defendant, B. L. Anderson, on the 15th day of September, 1873, returnable to the spring term of the Circuit Court for Covington county, on the first Monday in March, 1874. And the plaintiff avers that defendants have committed a breach of said covenant in this, that said suit against plaintiff was dismissed by the defendant, Anderson, at said spring term of the Circuit Court for Covington county, 1874; and that said process was both wrongfully and vexatiously sued out by the said defendant, Anderson; and that plaintiff sustained large damages by reason of said process being maliciously, wrongfully and vexatiously sued out, by having to employ counsel to defend said garnishment suit, and attending said court to defend said suit and paying hotel bills, and horse hire, and the loss of time, to the amount of ―― dollars, which amount said defendants fail and refuse to pay, to the

[Hays v. Anderson et al.]

damage of the plaintiff to the above named amount, for which he brings this suit.

" The plaintiff further claims of the defendant —— dollars damages, for the breach of a bond entered into, &c., conditioned, &c. And plaintiff avers that defendant committed a breach of said bond in this, that said defendant, Anderson, dismissed both of said suits, the one against the plaintiff and the one against the said G. F. U., at the spring term, 1874, of said Circuit Court; and that said process of garnishment was maliciously, wrongfully and vexatiously sued out against the said G. F. U.; and that plaintiff sustained large damages by having to employ counsel to defend said suit against plaintiff, and also to defend said garnishment suit, and in paying hotel bills, horse hire, and in the loss of time, &c., and in employing counsel to bring this suit, and in the loss of plaintiff's credit, and injury to his business by reason of the wrongful, malicious and vexatious suing out of said process of garnishment, to-wit, —— dollars, &c.

" The plaintiff further claims, &c.; and avers that said defendants commited a breach of said bond in this, that said process of garnishment was maliciously, wrongfully and vexatiously sued out, and that said garnishee was discharged by the court at the spring term, 1874, and that said defendant, Anderson, dismissed said suit, &c., and that said suits both have terminated and ended; and that plaintiff sustained large damages by reason of the malicious, wrongful and vexatious suing out of said garnishment, in employing counsel to defend said suits, and in paying costs of said suits, in the loss of credit, and injury to plaintiff's business and standing in the community, and in paying hotel bills, &c., and in the loss of time in preparing his defense in said causes, and attending court to defend the same, and employing counsel to bring this suit, to the amount of —— dollars, &c., which amount defendants fail and refuse to pay, for which plaintiff brings this suit."

To said complaint, defendants demurred, as follows: To the first count, because—*first*, the said count shows no cause of action; *second*, that the allegation of the dismissal of the suit by the plaintiff in attachment, is no ground for recovery of damages on the bond sued on; *third*, that the fees of attorneys in the garnishment suit against said Underwood, and costs and trouble in attending to that, is too remote, and not recoverable as damages by the plaintiff in this case against the defendant on the bond sued on. To the second count— *first*, because the allegation of the dismissal of the suit against

[Hays v. Anderson et al.]

·the plaintiff and the garnishment suit, is no ground for re-covery ; *second*, because the attorneys' fees, costs and expenses in attending to the garnishment suit, are too remote, and not ·recoverable in this suit as damages ; *third*, that attorneys' fees, and costs of bringing and prosecuting this suit, can not be recovered in this suit on the bond sued on, and are too remote. To the third count—*first*, because the allegation' that the garnishee, Underwood, was discharged, is no ground of re-·covery in this case on the bond sued on ; *second*, that the fees, trouble and costs about the garnishment suit, are not recoverable as damages in this case ; *third*, that counsel fees, costs, and trouble incurred to bring and prosecute this suit for damages, are too remote, and not recoverable as damages in this suit.

The court sustained the demurrer, and the complaint was dismissed ; whereupon the plaintiff (appellant) appeals to this court, and assigns as error the ruling of the court in—*first*, sus-·taining appellee's demurrer to appellant's complaint ; *second*, sustaining appellee's demurrer to each count of appellant's complaint ; *third*, sustaining appellee's demurrer to the com-·plaint.

W. D. ROBERTS, for appellant.

POSEY, STALLWORTH and HERBERT, *contra*.

No briefs came to Reporter.

STONE, J.—The present suit is on a garnishment bond, given under section 2892 of Revised Code, to obtain process of garnishment in aid of a pending suit commenced by sum-mons and complaint. The condition of such bond is to prosecute such suit to effect, and pay the defendant all such damages as he may sustain from the wrongful or vexatious suing out of such garnishment.—Revised Code, § 2931.

In the case of *Pounds v. Hamner*, at the present term, we said the damages, for which the bond in garnishment is in-tended to provide an indemnity, are those sustained by the defendant to the suit, not the garnishee. We said, further, that the defendant in the suit is under no obligation to defend the garnishee ; and that, for such gratuitous defense, if made, he can not charge the makers of the bond. Such defense is not covered by any condition of the bond. In that case, as ·in this, the main suit, and with it the garnishment, had been dismissed by plaintiff. So one condition of the bond—to

[Hays v. Anderson et al.]

prosecute to effect—had been broken. We there said : "The defendant in the suit, however, can be injured. If the garnishee be in fact indebted, the result will be to tie up the claim, and delay its collection until the garnishment suit is determined. From this necessary result, some damage will be done the defendant; and it may be that the whole debt is thereby lost to him. Garnishment being a species of attachment, its tendency is to harrass, and in some degree to bring odium on the defendant. On these accounts, it is, that action is given to defendant, if the garnishment be wrongfully or vexatiously sued out. If the garnishment be simply wrongful, the measure of damage and of recovery will be the actual injury sustained; and nothing will be allowed for injured feelings.—*Floyd v. Hamilton*, 33 Ala. 235. If it be also vexatious, a different rule prevails. Exemplary damages may then be recovered—the amount to be determined by the jury in their discretion."

In *Barber v. Ferrill*, at the present term, we said : "If there be ground for the process of garnishment, then the condition of the bond is broken, and the bondsmen are liable for the actual damages caused by its issue. If the resort to this process be vexatious, as well as wrongful, then vindictive or exemplary damages may be recovered."

For the defense of the original suit, for the defense by the present plaintiff of the garnishment suit, and for the expense of bringing the present action, the plaintiff has no right to recover. It will thus be seen that several of the breaches averred in the complaint are not well taken. Still, there are some breaches well assigned; and, under the present complaint, the plaintiff shows at least a right of recovery to some extent. When a complaint or count contains good and bad breaches, the error can not be reached by a demurrer to the complaint or count.—1 Brick. Dig. 326, §§ 261, 264.

The demurrer was improperly sustained, and the judgment of the Circuit Court is reversed and the cause remanded.