The opinion of the Court was delivered by
Fenner, J.
Defendant, as lessor of Jas. A., Gresham, upon a claim for unpaid rent, provisionally seized, and, after judgment, caused to be sold certain property of the plaintiff -found on the premises, and claimed to be subject to her, lessor’s privilege.
The present action is for restitution of the value of the property on the ground that it was unlawfully seized and sold.
It is not denied that plaintiff’s goods were “ contained in the house or store,” by its own express consent, and were, therefore, affected by the landlord’s right of pledge under C. C. 2707, unless plaintiff was an “under-tenant,” not indebted to the principal lessee at the date of seizure, in which case Ms goods would be protected under C. C. 2706.
The facts are, that plaintiff was permitted to use for his business, and to store his goods in, a room of the leased house, by consent of the principal lessee and at his will, under an agreement that he was to pay no rent or other consideration for the privilege, the motive of the lessee being benefit to his business expected from having plaintiff in the house.
Clearly this arrangement was not a lease, which is defined by our law to be “a synallagmatic contract, by which one party gives to the other the enjoyment of a thing at a fixed price,” and to constitute which, as in a sale, “three things arfe absolutely necessary, to-wit: the thing, the price and the consent.” C. C. 2670, 2672.
Without a price fixed by the parties or left to the award of a third person named, and determined, there can be no lease. Fisk vs. Moores, 11 Rob. 279; Haughery vs. Lee, 17 A. 23; Gleason vs. Sheriff, 20 A. 268.
It is contended, however, that the word “ under-tenant,” as used in C. C. 2706, is not necessarily synonymous 'with under-lessee,- but may cover tenancy arising otherwise than from a lease, and quotations are made from common law authorities to the effect that the mere occupier, by consent of owner, and rent free, is a tenant at will. No doubt he is a tenant'm the broad sense of holding and possessing, but the context *604 of Art. 2706, taken in connection with Art. 2707, leave no possible doubt that the Code refers alone to under-lessees.
Plaintiff not being such, Ms goods foil under the lessor’s pledge.
Tho other ground urged, that the lessor’s rent judgmont was fully satisfied out of the sale of tho lessee’s property, without the necessity of selling that, of plaintiff, is not sustained by the record. The lessor’s judgment was for $3,716.64, besides interest. The nett proceeds of the entire sale were insufficient to satisfy the same.
Plaintiff has no concern with the .arrangement by which, after the sale, tho lessor acquired, for a consideration, the unexpired term of the lease.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and it is now ordered and decreed, that there be judgment in favor of the defendant, rejecting the demand of plaintiff at its costs in both Courts.
Levy, J., absent.