# Treadwell v. Tillis.

*Action for damages for breach of contract.*

1. *Joinder of actions.*—Causes of action of the same character may be joined in different counts of a complaint.

2. *Breach of contract; nominal damages.*—The averments of a complaint, if true, alleging a contract between the plaintiff and the defendant, and a breach by the defendant, entitle the plaintiff to a recovery of at least nominal damages.

3. *Measure of damages; demurrer to complaint.*—A demurrer is not the proper mode of evoking a decision of the court as to the rule governing in the admeasurement of damages, when the complaint contains a good cause of action, entitling the plaintiff to some, although simply nominal damages. An objection that the damages claimed are too remote, should be raised by motions to strike, objections to the evidence, or by requests for instructions to the jury.

APPEAL from Geneva Circuit Court.
TRIED before Hon. J. R. TYSON.

The facts are sufficiently stated in the opinion.

R. H. WALKER, for appellant. (No brief came to the hands of the reporter.)

M. E. MILLIGAN, *contra.*—If one ground of a demurrer is good, the ruling of a lower court sustaining the demurrer will be upheld.—*Guilford v. Kendall,* 42 Ala. 651.

The complaint was insufficient.—*Gooden v. Moses,* 99 Ala. 230.

HEAD, J.—The complaint contains three counts each claiming damages for the breach of a contract, which it avers was made by the defendant. Separate demurrers, assigning numerous grounds, relating, for the most part, to the damages claimed, were filed to each

[Treadwell v. Tillis.]

count, and two grounds of demurrer were interposed to the complaint as a whole, the latter being, *first*, that the several counts were inconsistent and repugnant; and, *second*, that each count set up and claimed damages for the breach of a distinct and separate contract. The circuit court sustained the demurrers, generally, without specifying whether it considered all or only some of the grounds well taken, and upon the plaintiffs declining to plead over rendered judgment, final for the defendant. The plaintiffs appeal, complaining here of the ruling upon the demurrers.

We do not think there was any merit in either ground of demurrer assigned to the complaint as a whole. Each count made a case of like character, and was, in form, an action *ex contractu*. There was no misjoinder of counts.—5 Am. & Eng. Enc. of Law, p. 359.

The second count is somewhat informal and confused, but construed in its entirety, we think it fairly shows, as do the other counts, a contract between the plaintiff and defendant, and a breach by the defendant. These averments, if true, entitled the plaintiff to recover at least nominal damages.—*Gooden v. Moses*, 99 Ala. 230. The argument here for appellee, in support of the judgment, is entirely directed to a discussion of the measure of damages, which might be recovered under the complaint; the contention being that the special damages claimed are too remote and speculative, not the proximate result of the breach of the contract, and not shown to have been incapable of being avoided by proper efforts on plaintiffs' part to contract with others, after defendant failed to comply with his agreement. From this line of argument, we may infer that the circuit court was induced to sustain the demurrers by that course of reasoning. If such was the case, the lower court disregarded the well settled and oft repeated rule, which declares that a demurrer is not the proper mode of evoking a decision of the court as to the rule, governing in the admeasurement of damages, when the complaint contains a good cause of action, entitling the plaintiff to some, although simply nominal, damages.—*Highland Ave. & Belt R. R. Co. v. Matthews*, 99 Ala. 24; *Hays v. Anderson*, 57 Ala. 374. If it be desired to raise the objection that improper elements of damages are claimed, it must be done by motions to strike, objections to evi-

[Tillis v. Smith.]

dence or by requests for instructions to the jury. It cannot be done by a demurrer, which must be overruled, unless it is well assigned to the entire count, when limited to one count, or to the entire complaint, when assigned to it, as a whole, thus defeating all right to any recovery, nominal or substantial.—*Ala. Gr. So. R. R. Co. v. Tapia*, 94 Ala. 226 and authorities there cited; *Corpening v. Worthington*, 99 Ala. 541.

What the measure of damages may be for the breaches of the contracts, averred in the complaint, is a question not now properly before us.—*Kennon v. W. U. Tel. Co.*, 92 Ala. 399. The demurrers should have been overruled, and for the error in sustaining them, the judgment must be reversed, and the cause remanded.

Reversed and remanded.