50  1077
f118   639

## No. 12,707.

### ELDER & DAVIS vs. MRS. M. C. LUDELING.

A sheriff's return disclosing that service of citation and writs of attachment and sequestration was made by handing copies thereof to a curator *ad hoc*, the same is illegal and void, because they do not conform to the positive requirements of the Code of Practice; and as those formalities stand in lieu of citation to a non-resident, and must be strictly complied with on pain of nullity, the suit must be dismissed and the writs dissolved, because the jurisdiction of the court did not attach.

#### ON APPLICATION FOR REHEARING.

A party sued as an absentee and non-resident of the State, and her property attached and sequestered, may be subjected to the jurisdiction of the court during the pendency of the suit by personally serving her with a citation, and thereupon a personal judgment may be rendered against her for the amount of the debt demanded.

But this service of citation does not possess the retrospective effect of curing a defective service of writs of attachment and sequestration to which the curator *ad hoc* had excepted prior thereto.

APPEAL from the Fifth Judicial District Court for the Parish of Ouachita. *Potts, J.*

*C. J. Boatner* and *F. G. Hudson* for Plaintiffs, Appellees.

*Farrar, Jonas, Kruttschnitt & Gurley*, *T. O. Benton* and *E. T. Lamkin* for Defendant, Appellant.

. Argued and submitted January 14, 1898.
Opinion handed down February 7, 1898.
Rehearing granted March 21, 1898.
Argued and submitted on rehearing May 18, 1898.
Opinion handed down June 13, 1898.

The opinion of the court was delivered by

WATKINS, J. This suit is brought upon a stated account for five thousand six hundred and ten dollars and thirty cents, coupled with an attachment and sequestration, and from a judgment in favor of the plaintiffs for the amount of this claim, and sustaining both of said writs, the defendant has appealed.

The averment on which the plaintiffs demanded an attachment is that the defendant was " a non-resident of the State," residing " in the city of Bridgeport, State of Connecticut."

Upon this allegation, duly sworn to by the plaintiffs, the court appointed a curator *ad hoc* to represent the absent defendant, and caused writs of attachment to issue to the sheriffs of the parish of Ouachita and the parish of Morehouse, in each of which the defendant owned a plantation and other property.

The allegation upon which the plaintiffs demanded a sequestration were that they had a lien and privilege as the furnishers of necessary plantation supplies on the crops of the defendant, " and that she has removed from said plantation and shipped to a cotton factor in the city of New Orleans all the crops raised on said plantations during the year 1895, and petitioners fear and believe and have good grounds to fear and believe that the defendant will conceal, part with, or dispose of same during the pendency of the suit."

*In limine* the defendant appeared by counsel for the sole purpose of excepting to the suit and the writs of sequestration and attachment on the ground that same were illegal, null and void for the reason that neither the citation, the writ of attachment, nor the writ

of sequestration were legally served, copies of same having never been posted on the door of the room where the Court in which the suit is pending is held, as the law requires.

That, in the alternative, she avers that she is and has been a resident of the parish of Ouachita, and verily believes that her said residence was well known to the plaintiffs when this suit was filed; and that she can not be legally brought into Court by means of a curator ad hoc.

That the plaintiffs' averments on which they obtained said writs are false and untrue.

That she was not making nor attempting to make any disposition of the crops or other property on which the plaintiffs had a lien and privilege, other than that agreed on between her authorized agent and attorney in fact and the plaintiffs, and that the plaintiffs well knew that she was giving to no other creditor more than themselves, a preference on the proceeds of the sales thereof.

On the same date, the curator ad hoc moved to dissolve the writs and dismiss the suit on the ground that the defendant was a resident of the parish of Ouachita, and not a non-resident of the State of Louisiana.

It is obvious that the sole ground of plaintiff's attachment proceedings is the alleged non-residence of the defendant.

She is sought to be brought into court, and subjected to a large judgment, through the interposition of a curator ad hoc only. It is not pretended that she was personally cited and served, or that a domiciliary service was made upon her.

It is not claimed that citation was issued to and served upon her attorney in fact in the pariah of Ouachita, to whom she had given a power of attorney and authority to receive service of citation.

Conceding, then, for the purpose of defendant's first exception, that the defendant is a non-resident as she is alleged to be, the jurisdiction of the court depends upon the legality and regularity of the service of the citation and writs of attachment and sequestration.

It appears from the record that the two motions to dissolve the writs and dismiss the suit were filed on the 28th of January, 1896.

The record discloses no citation directed to the defendant, and the only process by which the plaintiff sought to obtain a judgment against the defendant was through a curator ad hoc.

It shows further, that the writ of attachment issued to the sheriff

of the parish of Ouachita was served by " handing a copy to E. T. Lampkin, curator *ad hoc*." That the writ of sequestration directed to said sheriff was served by " handing a copy to E. T. Lampkin, curator *ad hoc*." That the writs of attachment and sequestration which were issued to the sheriff of the parish of Morehouse were not served at all, or upon any one, or in any place.

Notwithstanding the issue was directly made by the defendant's exception, that neither the citation nor the writs of attachment and sequestration had been legally served, by affixing certified copies thereof to the door of the room where the court in which the suit is pending is held, the record is barren of testimony on the subject; and the returns of the two sheriffs show an exactly contrary state of facts.

The Code of Practice provides that if the defendant " be absent or reside out of the State, in such case the sheriff *shall serve the attachment and citation by affixing copies of the same* on the door of the room where the court in which the suit is pending is held." Article 254.

It further provides that the sheriff shall serve the writ of sequestration by " serving the petition and the copy of the order of sequestration upon the defendant."

It has been repeatedly held that the formalities prescribed in these articles of the Code of Practice stand in lieu of citation in the ordinary form, and must be strictly complied with upon pain of nullity; and the court has invariably dissolved the writs on account of the failure of compliance therewith.

And amongst other cases the following may be cited, viz.:

Putuam vs. The Grand Gulf Railroad and Banking Company, 3 Rob. 232; Kraeutler vs. Bank, 12 R. 461; Mithoff vs. Dewees, 9 An. 550; Cox vs. Bradley, 15 An. 529; Woolridge vs. Hedrick, 27 An. 79; Connell vs. Medlock, 24 An. 512; Connell vs. Medlock, 25 An. 590; Irving vs. Edrington, 41 An. 671.

Plain as the terms of the Code of Practice are, and as unmistakable as the decisions of this court appear to be, the District Judge tried and overruled the defendant's motions on Wednesday, the 16th of December, 1896.

· Something was said in oral argument to the effect that the defendant had waived the benefit of her motion and exception; but such waiver is not discoverable in the record. On the contrary, it appears

from the record that the defendant did not file her answer to the suit until the 23d of December, 1896—one week subsequent to the motion to dissolve being overruled—and same is prefaced by the statement that she reserved " all her rights under her exception and motion to dissolve the writs of attachment and sequestration."

In addition to the foregoing, there is no mention made in the brief of plaintiffs' counsel in reference to any such waiver.

In our opinion, it is clear that there was neither legal service of citation or writs of attachment and sequestration, and that the court below erred in failing to so decide.

Finding the service wanting in the foregoing essential requirements, the jurisdiction of the court did not attach.

It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and it is further ordered and decreed that the suit of plaintiffs' be dismissed, and the writs of attachment and sequestration be dissolved, and that all costs be taxed against the plaintiffs and appellees.

### ON APPLICATION FOR REHEARING.

WATKINS, J.   On the 7th of February, 1898, we handed down an opinion in this cause reversing the judgment appealed from, dissolving the writs of attachment and sequestration, and dismissing plaintiffs' suit, same having been prosecuted against the defendant as an absentee, and the service of the writs having been found defective.

Thereupon the plaintiffs' counsel made an application for a rehearing on the sole ground " that the opinion of the court is based wholly and entirely on the assumption that no citation whatever had issued to the defendant in the cause," whereas there had been, in fact (though same had been inadvertently omitted from the transcript of appeal), citations regularly served upon both the curator *ad hoc* and upon the defendant, in person, in the parish of Ouachita.

Subsequently to the filing of said application and as auxiliary to and in aid of same, we granted the plaintiffs a writ of *certiorari*, addressed to the clerk of the District Court requiring him to produce the original citations referred to or certified copies of same, to be placed in the transcript in order to complete and perfect same and make it conform to the record in the court below.

The failure to transcribe the said citations into the transcript

being a fault attributable to the clerk, and the absence of same not having been brought to the attention of either counsel in the case, we were of opinion that the ends of justice would be best subserved by granting the relief sought, even pending an application for rehearing, whilst recognizing this course of proceeding as a departure from the usual course in such matters.

The original citations having been produced and filed the question for us to decide is to what extent and in what manner does their production change the situation and necessitate an alteration in our decree, our former judgment having been set aside and a new trial granted.

The following *data* from the record is worthy of consideration, viz.:

1. The citation to the curator *ad hoc* was served on him on the 16th of January, 1896.

2. The motions to dissolve were filed on the 28th of January, 1896.

3. Citation to the defendant was personally served upon her on the 25th of March, 1896.

4. The motions to dissolve were tried and overruled on the 16th of December, 1896.

5. The answer of the defendant was filed on the 23d of December, 1896, fully reserving the benefit of her exception.

It is quite obvious that the service of citation upon the defendant, in person though it were, had no effect upon the record or the rights of parties thereunder; but that they remained just as they existed on the 23d of January preceding, and subject to the exception and motion of defendant to dissolve.

Counsel for the plaintiffs on the second hearing press the argument that the defendant did not rest her case upon an exception and motion to dissolve exclusively; but that she put at issue the merits, in a limited sense, and by so doing waived the benefit of her exception, and submitted herself to the jurisdiction of the court and thereby lost the benefit of her exception.

The following is the defendant's exception *in extenso*, viz.:

" Now comes the defendant in the above entitled and numbered suit and moves to dissolve the writ of attachment and sequestration, and dismiss the suit on the following grounds:

" 1. Because she has never been legally cited. That she is a resident of the parish of Ouachita, and verily believes her residence was well known to plaintiffs when the suit was filed, and that the appoint-

ment of a curator *ad hoc* to represent her, and service of citation upon him, was illegal and void.

" 2. Even if she had been a non-resident of the State, the pretended citation would still have been null, from the fact that notice or copy of citation and of writs of attachment and sequestration were not posted at the court-house door, as the law requires.

" 3. Respondent specially alleges *that the allegations* on which the writs of *attachment* and *sequestration* were issued were false and untrue. She avers that the writs of attachment and sequestration issued in this case were obtained wrongfully, maliciously, wantonly and vindictively, without just cause in either law or fact.

" Wherefore she prays that the writs of attachment and sequestration be dissolved. And further prays that the demands of plaintiff *be rejected*, and that she may have judgment against the plaintiffs for twelve hundred dollars special damages over and above those claimed in her exception and motion to dissolve, and for costs and general relief.

" (Signed)                    THOMAS O. BENTON, *Attorney*."

The defendant appeared for the sole purpose of moving to dissolve the writs of attachment and sequestration, though the consequence of same was expected to be the dismissal of the suit, as she was sued as a non-resident.

The motion assigns three different grounds for the dismissal of the writs: (1) Because she had never been legally cited, not being an absentee; (2) because the writs had not been served as the law requires; (3) because the allegations on which the writs were obtained were false and untrue.

Evidently neither of these grounds of exception had any relation —even the remotest—to the *merits* of the cause, which were indebtedness *vel non*.

They conclude with the prayer: " Wherefore she prays that the writs of attachment and sequestration be dissolved."

Her further prayer relates to the rejection of plaintiff's demand for the issuance and maintenance of the writs, and the allowance of twelve hundred dollars special damages.

The record shows affirmatively that the defendant's motion to dissolve was filed on the 28th of January, 1896, and was tried and overruled on the 16th of December, 1896—near twelve months having elapsed in the meanwhile. But it was not until the 23d of

December, 1896, that defendant's answer was filed; and it contained a full reservation of all her rights under her exception.

We quote the following from the brief of counsel for the plaintiffs for the purpose of showing their total want of application to the facts of this case:

" The precise question has frequently been decided:

" In 4 Ia. 91 (Rowlett vs. Shepherd) the Court says:

" It is true, as stated in argument, that citation is the basis on which every suit must rest; but appearance and pleading to the merits is always considered to cure the defect.   Here the defendant appeared and pleaded to the merits, but before doing so he expressly excepted to the want of citation.   Whether under our law, where exceptions, though they must proceed in order, may be put in at the same time with an answer to the merits, the objection to the want of citation could be considered as abandoned by presenting the *contestatio lites* on other matters, need not be decided.   In this instance the party went to trial on the merits, without requiring a decision on the exceptions, and this we consider a clear waiver of it.

" 1 An. 323 (Livingston vs. Dick), the Court says: 'The defendant in injunction filed a written motion to dissolve the injunction, in which he alleges as grounds for the dissolution:

" '1. That he had not been served with a citation, but that plaintiff had induced the sheriff to desist from proceeding in the case.   This ground hardly requires notice.   The objection of absence of citation was clearly abandoned by the defendant's appearance and pleading in the cause, and going to trial before a jury upon the merits, *without any disposition made of that part of the motion.* ' "

Again:

" Your Honors have had this subject under consideration very recently.   In the case of Williams vs. Commission Company, 45 An. 1013, defendants, non-residents of the State, were brought into court by attachment and the appointment of a curator *ad hoc.*   The sheriff, in that case as in this, served the citation and petition on the curator *ad hoc,* but failed to post them at the court-house door. Defendants moved to dissolve the attachment on the ground, among others, 'that the service is illegal, the required posting of the petition, citation and writ of attachment at the court-house door not having been complied with.'

" The court says:   ' In reference to the first proposition the plain-tiff's counsel argue that the defendants waived the informality of service of citation and writ of attachment by their appearance in the suit, and having furnished bond and obtained the possession of the property attached.   *   *   *

" 'They appeared in the suit and unqualifiedly delivered to the sher-iff their obligation to satisfy such judgment to the value of the prop-erty attached as may be rendered against him in the suit pending. It is the appearance authorized by Art. 259 of the Code of Practice. It is characterized as an appearance in the suit.   The only question for our decision is, does that appearance cure the informality of ser-vice alleged?' "

The authority of those decisions is not doubted, but their applica-bility is lacking altogether, because the defendant's motion to dis-solve had been tried and overruled before her answer had been filed.

The point is not well taken, and can not be sustained.

We do not regard it necessary to decide whether or not the defendant was an absentee or a non-resident of the State at the time of the institution of the suit, for the reason that personal serv-ice of citation upon her, while she was within the territorial juris-diction of the District Court, during the pendency of the suit, is sufficient to submit her to that jurisdiction at the time judgment was pronounced, at least in so far as the debt was concerned.

It is evident, that the service of the citation upon the defendant personally, on the 25th of March, 1896, could not and did not have the effect of giving life to an attachment which had not been legally and validly served.

The same reasoning applies with equal force to the writ of seques-tration.

In so far as the indebtedness of the defendant is concerned, there appears to be no controversy, except with respect to the sum of four hundred and eighteen dollars, which is thus explained in the brief of plaintiff's counsel:

" The evidence shows beyond question, that in January, 1885, I. I. Davis, a merchant in Monroe, La., agreed to make advances to defendant's plantations during that year.   Under this arrangement, four hundred and eighteen dollars had been advanced by Mr. Davis,

when he formed a partnership with Mr. Elder, under the firm and name of Elder & Davis. The account against the defendant for four hundred and eighteen dollars was transferred by Davis to the firm of Elder & Davis. which firm continued advances to the defendant, through the year, amounting to five thousand six hundred and ten dollars and thirty cents."

This statement is fully borne out by the record, and we are of opinion that the plaintiffs are entitled to a personal judgment against the defendaut for the entire amount claimed, and for which judgment was rendered in the court below; but in our opinion now, and as it was expressed in our original decree, the writs of attachment and sequestration should have been dissolved—the cost of the principal suit being taxed against the defendant, and those incident to the writs of attachment and sequestration against the plaintiffs.

With regard to the defendant's demand for special and general damages, we think a proper allowance should be made, but we are not impressed with their gravity; nor do we think a large sum should be awarded.

The extent of the property seized should not control our judgment, notwithstanding a large amount was seized, as the proof does not show any great amounl of injury, trouble or inconvenience to the defendant. Attorneys were employed to dissolve the writs and a curator *ad hoc* was appointed.

Without particularly specifying the items of damage, we are of opinion that the sum of one hundred and fifty dollars would cempensate the defendant for all of her outlay in expenses and attorney's fees, including the fee of the curator *ad hoc*.

It is, therefore, ordered and decreed that our former decree be set aside, and that the judgment appealed from be affirmed, except in respect to the writs of attachment and sequestration; and that in respect of same that the judgment be amended by dissolving same at the cost of the plaIntiffs, and that they be adjudged and decreed to pay the defendant as damages for the dissolution of said writs the sum of one hundred and fifty dollars, and that as thus amended the judgment be affirmed.