(99 South. 893)

No. 24276.

## FARISS v. SWIFT.

(Nov. 3, 1924. On the Merits, March 17, 1924. Rehearing Denied by Division B April 30, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⬟364—**Appeal not subject to dismissal because return day not fixed by judge.**

Appeal not subject to dismissal because return day not fixed by judge but by clerk who might only do so in judge's absence under Act No. 75 of 1884; it appearing that judge was not in fact absent.

**2. Appeal and error ⊚⇒394(1)—Appeal from judgment in attachment not subject to dismissal because separate appeals from dissolution and award of damages not taken.**

Where, in attachment, there was judgment dismissing main demand and dissolving attachment with damages, appeal was taken as to whole case, bond being answerable for any judgment on appeal, it was no ground for complaint that there was not a separate appeal from dissolution and another from the condemnation to pay damages, and separate bonds furnished.

#### On the Merits.

**3. Appearance ⊚⇒17—When appearance subjects defendant to jurisdiction stated.**

Appearance except to object to jurisdiction or citation subjects defendant to jurisdiction of the court.

**4. Attachment ⊚⇒376—When attorney's fees not element of damages for wrongful issuance of writ stated.**

Whenever attachment is dissolved after hearing on merits, or so that it is impossible to differentiate between attorney's services for dissolving attachment and those for defending suit, attorney's fees cannot then form element of damages for wrongful issuance of writ.

**5. Brokers ⊚⇒82(1)—Petition held to state no cause of action.**

In a broker's suit in which gravamen of complaint was that a sale of timber was fraudulently consummated by purchasers through other agents, with intent to deprive plaintiffs of their commissions, petition failing to allege that defendant vendor was party to wrongdoing, or had knowledge thereof, or was in any way connected therewith, failed to state cause of action.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by W. W. Fariss against Charles H. Swift. Judgment for defendant, and plaintiff appeals. Amended and affirmed.

Hudson, Potts, Bernstein & Sholars, of Monroe, and Wm. Alex Robertson, of Opelousas, for appellant.

Gilbert L. Dupre, of Opelousas, for appellee.

#### On Motion to Dismiss.

By THE COURT as then constituted.

PROVOSTY, J. This is an attachment suit. There was judgment dismissing the main demand and dissolving the attachment with $250 damages. Defendant and appellee says that the dismissal of the main demand, carrying with it the dissolution of the attachment, constituted one judgment, while the condemnation to pay damages constituted another; that for appealing from these two judgments an order of appeal and a bond were necessary for each; that the amount of the appeal bond had to be fixed by the judge for the former whether the appeal was devolutive or suspensive, and also for the latter, if the appeal was devolutive; that plaintiff, having neither obtained an order nor furnished bond for appeal from the former judgment, there has been no appeal from it; and that, moreover the appeal in its entirety should be dismissed because the return day was not fixed by the judge but by the clerk of court.

[1] The clerk may, in the absence of the judge from the parish, fix a return day. Act 75, p. 97, of 1884. In the present case the judge was not absent, since the order of appeal is evidenced by an entry on the minutes of the court. However, our jurisprudence is well settled that an appellant cannot be made to suffer for any shortcomings of the order of appeal. In the case of Hays v. Mayer, 117 La. 1067, 42 South. 505, the appeal was maintained, although the judge had failed to fix a return day in his order of appeal. In State v. Augustus, 129 La. 617, 56 South. 551, no return day had been fixed. In maintaining the appeal the court said:

"The duty of fixing the return day devolves exclusively upon the judge, and if he fixes a wrong return day, or fixes no return day at all, the fault is the judge's, and is not imputable to the appellant, and he cannot be prejudiced thereby."

The entry on the minutes showing the motion and the order for an appeal reads:

"On motion of attorney for plaintiff, an appeal, both suspensive and devolutive, is hereby granted to said plaintiff, made returnable to the honorable Supreme Court of Louisiana, on September 1, 1920, upon his furnishing bond in the sum of $50 if devolutive, and according to law if suspensive."

Plaintiff furnished bond in the sum of $450, conditioned as follows:

"Whereas, the above bounden W. W. Fariss has taken a suspensive and devolutive appeal from a certain final judgment rendered against him in this district court in and for the parish of St. Landry, in favor of Chas. H. Swift in suit No. 21441 the docket of said court, entitled W. W. Fariss v. Chas. H. Swift:

"Now, therefore, the condition of the above obligation is such, that if said W. W. Fariss shall prosecute this suspensive and devolutive appeal, and shall satisfy whatever judgment may be rendered against him or if the same shall be satisfied by the proceeds of the sale of his estate." etc.

[2] The appeal was moved for and granted as to the whole case, including that part of it consisting in the main demand and the attachment; and the amount of the bond was fixed for the case as a whole. Therefore the bond is unquestionably answerable for any judgment that may be rendered on the appeal; and, it being sufficient in amount for that purpose, defendant cannot possibly suffer, and therefore has no ground of complaint.

The motion to dismiss is denied.

### On the Merits.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. On February 20, 1920, plaintiff attached defendant's property as a nonresident, and served him through a curator ad hoc.

On March 1, 1920, defendant appeared by his attorney and excepted that the petition disclosed no cause of action likewise that the suit was prematurely brought, and also moved to increase the amount of the attachment bond.

On April 10th defendant moved to dissolve the attachment on the ground that defendant was not cited, because the citation and writ of attachment (the foundation of the suit) were not affixed to the courthouse door as required by Code of Practice, art. 254.

On May 6th the exceptions, etc., were "taken up argued and submitted."

On June 28th the exceptions of no cause of action was maintained, the writ of attachment was dissolved, and the suit was dismissed, with $250 attorney's fees to defendant for dissolving the writ; all in one judgment. And plaintiff appeals.

### I.

[3] In First National Bank v. Johnson, 130 La. 288, 57 South. 930, it was said:

"The rule is that an appearance to the suit, except for the purpose of objecting to the jurisdiction, or to the process or citation, subjects defendant to the jurisdiction of the court."

See, also, Williams v. Commission Co., 45 La. Ann. 1013, 13 South. 394; Elder & Davis v. Ludeling, 50 La. Ann. 1077, 23 South. 929; Martel Syndicate v. Block, 154 La. 869, 98 South. 400 (and authorities there cited).

We are therefore no further concerned with the dismissal of the suit for want of citation, as in Watson v. Simpson, 15 La. Ann. 709.

It may be that the appearance of the defendant did not cure the defective attachment, and that defendant had still the right to move to dissolve it without going into the merits of his exceptions aforesaid (Elder & Davis v. Ludeling, 50 La. Ann. 1077, 23 South. 929); but the fact is that this defendant did not do so, but on the contrary submitted the whole at one time; and both suit and attachment were dismissed in one and the same judgment as aforesaid.

This, however, has no other bearing on this case than on the question of attorney's fees. For with the dismissal of the suit the attachment falls of itself; and, as hereinafter said, we are of opinion that the exception of no cause of action was properly maintained by the trial judge.

[4] But whenever an attachment or other conservatory writ is dissolved after hearing the merits, or so that it is impossible to differentiate between the attorney's services for dissolving the attachment and those for defending the suit, such attorney's fees cannot then form an element of the damages to be allowed for the wrongful issuance of the writ, "for to do so would be to allow the fees virtually for defending the suit on the merits, which is not permissible." Three Rivers Oil Co. v. Laurence, 153 La. 224, 231, 95 South. 652.

We therefore conclude that, although the services of counsel for defendant seem well worth the $250 allowed by the trial judge and the additional $250 claimed in this court, nevertheless we cannot allow them against the plaintiff, but counsel must look to his own client alone for compensation herein.

## II.

As to the exception of no cause of action: The trial judge has thus stated and disposed of the issues thereby raised, and we now adopt his opinion as our own, to wit:

Defendant is the owner of a large tract of timber land in the parish of St. Landry. On the 25th of September, 1919, his agent wrote to the plaintiff, giving him an estimate of the timber on this tract. This letter is made a part of plaintiff's petition. We find therein these words: "No option or exclusive agencies are given covering this property." Upon the receipt of this letter plaintiff sent his timber estimator, or land man, Mr. Peacock, to Melville, for the purpose of looking over this land. The agent, Peacock, upon receipt of a letter from Mr. E. T. Sellew, wrote to this latter party, giving him all the details, descriptions, and advantages the land possessed.

The petition avers that this Mr. Sellew was very much interested in the property, arranged with Peacock to meet him at Melville and look over the land; that with a view and purpose of defeating the right of plaintiff to obtain a commission on the sale of said property, and to obtain it at a lower price, than plaintiff was authorized to make, the said Sellew, acting in bad faith, turned over the information received by him, and especially the letter of said Peacock of date 12/23/19 to his partners C. T. Whitman and L. J. Machen, who together with H. A. Morrison, an associate of said parties and closely identified with said Whitman Lumber Company as its financial agent and banker, went to Melville, La., without the knowledge of the plaintiff or his agent, Peacock, who, at the time was on the ground at Melville awaiting the arrival of the said Sellew for the purpose of showing said property to him, and said Whitman, Machen, and Morrison, after making inquiries of Hawthorn, representative on the ground of said Swift, and from him verifying all the information given by Peacock to Sellew with reference to said property, and having concluded to purchase same, left Melville and went to Chicago and there, through the collusive interposition of one McVay and one Robinson, who were represented as real estate agents and dealers, through whom the said property was brought to their attention, concluded a contract of sale with the said Swift under and by which the said parties agreed to buy said property and said Swift agreed to sell the same at the price given to plaintiff by said Swift, and on which contract $10,000 was deposited as earnest money.

The petition further avers that the action of the said Sellew, Whitman, Machen, and Morrison in undertaking to go around plaintiff and fraudulently defraud him of his right to a commission on said property was in bad faith and the result of the collusion between them for the reason the said Sellew is interested in said deal and all of the said parties contemplate the organization of a corporation or partnership for the handling and operating said property so purchased by a part of them and the method of consummating said deal and taking title thereto, as plaintiff is informed, in the name of H. A. Morrison, so as to nominally exclude the said Sellew from said transaction, was but a fraudulent and collusive scheme on the part of said parties to attempt to defeat the rights of plaintiff to his commission in the premises and acquire said property at a smaller figure by collusively agreeing with the said McVay and Robinson to reduce the commission

or share the same with them in the event the deal was consummated and said Swift willing to pay a commission to said McVay and Robinson for procuring said purchasers.

[5] This is the gravamen of plaintiff's complaint against defendant. *It is nowhere alleged in this petition that the defendant was a party to any of these wrong doings on the part of those parties, or that he had knowledge that McVay and Robinson to whom he had agreed to pay a commission for the sale of the property, had obtained any information from the plaintiff or his representative, upon which to base their offer to him.*

*Not having connected the defendant with any of these wronged by any of the alienations in this petition, the court must sustain the exception of no right or cause of action.*" (Italics ours.)

### Decree.

The judgment appealed from is therefore amended by striking therefrom the allowance for attorney's fees, and, as thus amended, it is affirmed; defendant to pay costs of appeal and plaintiff to pay costs of the lower court.

Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.