No. 2689

Second Circuit

---

MINGES v. BONNETTE

---

(June 2, 1926, Opinion and Decree)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Landlord and Tenant —Par. 5, 96, 105.**

If there is no definite agreement between occupant of property and the owner as to the rental to be paid there is no lease, no privilege, and no writ of provisional seizure can be made.

2. **Louisiana Digest—Landlord and Tenant —Par. 96.**

If the occupant of property had no agreement with the owner as to the rental to be paid a writ of provisional seizure should be dissolved with the reservation to the owner to claim the value of the occupancy of the property.

(See Arts. 2669 and 2670 of the Civil Code and Arts. 284 and 285 of the Code of Practice. Editor's note.)

3. **Louisiana Digest—Landlord and Tenant —Par. 102; Attachment—Par. 162 (by Analogy).**

Attorney's fees cannot be granted for the dissolution of a wrongful writ of provisional seizure if the attorney does not move for the dissolution of the writ prior to answering on the merits, because it is impossible to determine the amount due the attorney for dissolution of the writ.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides, Hon. L. L. Hooe, Judge.

Action by William Minges against Henry Bonnette. There was judgment for plaintiff and defendant appealed.

Judgment reversed and defendant's reconventional demand rejected.

T. A. Carter, of Alexandria, attorney for plaintiff, appellee.

J. C. Cappel, of Covington, attorney for defendant, appellant.

WEBB, J. The plaintiff, alleging that he had leased to the defendant certain property for the year 1925 at the price of two hundred and fifty dollars, and that same was due and unpaid, brought this suit to recover judgment against the defendant and under proper allegations ob-

tained a writ of provisional seizure under which certain movables on the premises described were seized.

The defendant answered, denying the allegations of plaintiff's petition and especially pleaded that under the agreement between the plaintiff and himself he was to occupy the property for the year 1925 and was to pay rent for that year only in the event he was able to make a full crop, and that the amount to be paid was left to be fixed by him.

He further alleged that he had placed valuable improvements on the property, and that the writ of provisional seizure had been wrongfully issued, and prayed that the writ be dissolved and plaintiff's demand rejected and that he have judgment in reconvention for the value of the improvements placed by him on the property, and for damages sustained by him from the seizure of his property.

On trial, judgment was rendered in favor of plaintiff in the sum of one hundred dollars, sustaining the writ of provisional seizure and recognizing a privilege on the property seized.

The defendant appealed.

## OPINION

The preponderance of the evidence establishes that the agreement between the parties under which defendant took possession of the premises was indefinite, and that the amount of rent to be paid for the year 1925 was not fixed at a certain sum or for a portion of the crop, but was left to be determined at a later period, depending upon the crop which would be raised by the defendant.

The evidence further shows that the defendant offered to pay the plaintiff one hundred dollars, which offer was not accepted, and which offer, plaintiff states, was made in order to prevent a suit.

In Frigero vs. Stillman, 17 La. Ann. 22, the court said:

"The question is then whether or not the understanding to pay a reasonable rent is a fixed price, a price certain and determinate. * * * We think there was no fixed price as contemplated by law, 'nor was the price left to a third person, named and determined * * * there being no price fixed by the parties or left to the award of a third person * * * the agreement wanted an essential to constitute a contract of lease."

We are of the opinion that the offer of the defendant to pay the sum of one hundred dollars, was made to prevent the suit and as an offer of compromise, and that it cannot be considered as an admission of indebtedness, and the offer not having been accepted it cannot be considered as having fixed the rental price, conceding that the fixing of the price at that time would have rendered it definite.

We are therefore of the opinion that there was no lease and no privilege and that the writ of provisional seizure should have been dissolved, and plaintiff's demands rejected. (Jordan vs. Mead, 19 La. Ann. 101; Fisk vs. Moore, 11 Rob. 280; Blanchard vs. Davidson, 7 La. Ann. 654) with reservation to the plaintiff to claim the value of the occupancy of the property.

The defendant failed to establish his claim for improvements, or to prove any damages for the dissolution of the writ, except, possibly, attorney's fees. However, he failed to move for the dissolution of the writ, prior to answering on the merits, and it is impossible to determine the amount due for dissolution of the writ.

"Whenever an attachment or other conservatory writ is dissolved after hearing the merits, or so that it is impossible to

differentiate between the attorney's services for dissolving the attachment and those for defending the suit, such attorney's fees cannot then form an element of the damages to be allowed, for the wrongful issuance of the writ, 'for to do so would be to allow the fees virtually for defending the suit on the merits, which is not permissible'."

Fariss vs. Swift, 156 La. 12, 99 South. 893.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, that the writ of provisional seizure be dissolved and plaintiff's demands rejected at his cost, reserving to him any right which he may have to claim of defendant the value of the use of the property for the year 1925.

It is further ordered, adjudged and decreed that defendant's reconventional demands be rejected.