(119 So. 30)

No. 28769.

**BARRY v. UNION SULPHUR CO.**

Oct. 29, 1928. Rehearing Denied Nov. 26, 1928.

C. R. Liskow and Cline & Plauche, all of Lake Charles, for appellant.

Frank E. Powell, of De Ridder, for appellee.

OVERTON, J. The question involved in this case is whether defendant is entitled to attorney's fees for the dissolution of a writ of sequestration by reason of the failure of plaintiff to furnish an additional bond, required by a judgment of court.

It appears that plaintiff purchased of defendant for $2,500 all the waste oil, known in the trade as "B. S.," which defendant had on hand at its mining plant near Sulphur, La. Plaintiff treated, according to a process of his own, for the purpose of giving it a commercial value, the waste oil contained in what is referred to in his petition as the large pit, and claimed that the balance of the oil that remained in another pit, after defendant had removed a large part of the oil therein to steel tanks, and that contained in those tanks, which it seems altogether amounted to approximately 200,000 barrels, was waste oil, and was included in his purchase. Defendant refused to recognize this claim, and plaintiff brought the present suit to recover the balance of the oil, contained in the pit referred to and in the steel tanks. He coupled his demand to be decreed the owner of the oil with a demand for a writ of sequestration. The writ was applied for on the ground that plaintiff feared defendant would conceal, part with, or dispose of the oil during the pendency of this suit. The required affidavit was made for the issuance of the writ, and the trial judge ordered the writ to issue on plaintiff's furnishing bond in the sum of $2,500.

The bond was furnished, the writ issued, and the oil was sequestered.

Several days later, defendant ruled plaintiff into court to show cause why the bond for the sequestration should not be increased from $2,500, the amount fixed by the court, to $25,000. After a hearing had, the court ordered the bond increased to $15,000, and gave plaintiff one week in which to furnish it. Plaintiff failed to file the bond, as increased, and, immediately after the expiration of the delay therefor, defendant ruled plaintiff to show cause why the writ of sequestration should not be dissolved by reason of the failure to furnish the increased bond within the delay granted for so doing, and also why plaintiff and his surety on the bond, under which the writ issued, should not be condemned, in solido, to pay it $2,500 damages, as attorney's fees, for dissolving the writ. The court dissolved the writ, but rejected the demand for attorney's fees. Later the case was tried on its merits, and the oil was held to belong to defendant, but we are not concerned with that phase of the case.

The only ground urged for the dissolution of the writ, and the only ground upon which the writ was dissolved, is the one that plaintiff failed to furnish the increased bond fixed by the court. When the petition was presented to obtain the writ, it was the duty of the judge, if it appeared to him that a satisfactory showing had been made to obtain it, to determine the amount of bond that should be granted for its issuance. C. P. art. 276. This the judge did, and fixed the bond, which plaintiff furnished in the amount fixed.

When the writ issued, so far as appears from the face of the record, it issued legally, and not wrongfully. The fact that the court later found that the bond should be increased did not convert the apparently legal issuance of the writ into an illegal issuance. It is only for the illegal issuance or wrongful obtaining of a writ of sequestration

that damages may be recovered, and damages, consisting of attorney's fees, for the dissolution of the writ, as held in Fariss v. Swift, 156 La. 12, 99 So. 893, cannot be allowed unless the writ is dissolved on motion or rule, and not on the merits. Here the writ was dissolved on rule, but it was not dissolved, because it had been wrongfully obtained, but because plaintiff failed to furnish the increased bond required of him. In our view, the attorney's fees demanded cannot be recovered. Of course, if it appeared on the trial of the merits, which it apparently did, that defendant was the owner of the oil, and hence that the writ wrongfully issued, then such damages as defendant may have suffered, other than those for attorney's fees, may be recovered, but that phase of the case —and we understand there is no such phase —is not before us.

For these reasons, the judgment appealed from is affirmed.