(124 So. 387)

## RAMAGE v. NEVILLE. (8 Div. 125.)

Supreme Court of Alabama. Oct. 31, 1929.

S. A. Lynne, of Decatur, for appellant.

Eyster & Eyster, of Decatur, for appellee.

GARDNER, J. The suit is to recover damages for breach of the conditions of a bond executed by defendant to plaintiff in a garnishment proceeding issued in aid of a pending suit. There was judgment for plaintiff, and defendant appeals.

Defendant made effort during the progress of the trial to eliminate, as a part of recoverable damages, attorneys' fees incurred by plaintiff in defense of the suit out of which arose the garnishment proceeding. The jury, by the verdict first rendered, awarded $120 attorneys' fee, but, upon the court's instruction, rendered another verdict in a lump sum. Defendant's motion for new trial, upon the ground the verdict was excessive, was overruled.

We think it clearly appears from the proof that plaintiff suffered no extra expense or charge on account of the garnishment so far as concerned the attorneys' fee, but that the fee incurred was for the defense of the main suit only. It is settled in this jurisdiction that, in an action of this character, plaintiff cannot recover attorney's fees incurred in defense of the original suit. Hays v. Anderson, 57 Ala. 374. See, also, Pounds v. Hamner, 57 Ala. 342; Vandiver v. Waller, 143 Ala. 411, 39 So. 136; Farris v. Swift, 156 La. 12, 99 So. 893; note St. Joseph Stockyards Co. v. Love, 25 A. L. R. 569; 28 C. J. 536. To the amount of this attorneys' fee, therefore, the verdict was excessive.

Appellant insists reversible error appears in the exception to the oral charge of the court, in that the language was tantamount to directing a verdict for plaintiff. The language complained of was a parenthetical statement in a sentence directing the form of the verdict in the event the jury found for the plaintiff, and the exception was to the entire sentence, the major portion of which was of course entirely free from objection. It may be seriously questioned that, under these circumstances, the exception suffices to present the question argued. 12 Michie Digest, p. 532. But that question aside, we think the point not well taken. Plaintiff here, as defendant in the garnishment suit, was successful, and the breach of the garnishment bond thereby established as a matter of law. Hays v. Anderson, supra; Pounds v. Hamner, supra; 28 C. J. 534.

An instruction to the jury that plaintiff was entitled to recover nominal damages was not erroneous. Such recovery was not dependent upon oral proof, but upon record evidence. Plaintiff's right of recovery was therefore a matter of law, and presented no question of fact for the determination of the jury. A directed verdict in this respect, therefore, was not error. Watts v. Metropolitan Life Ins. Co., 211 Ala. 405, 100 So. 812; Harris v. State, 215 Ala. 56, 109 So. 291; Tobler v. Pioneer Mining Co., 166 Ala. 482, 52 So. 86; 26 R. C. L. 1067.

We find nothing in the other questions raised requiring separate treatment, and it will suffice to say they present no error calling for a reversal of the cause.

The only reversible error relates to the excessiveness of the verdict due to the inclusion of $120 as attorneys' fee. Appellee will be given 30 days within which to enter a remittitur as to this sum, and, upon this being done, the cause will be here affirmed; otherwise a reversal will be entered.

Affirmed conditionally.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.