## TRAINA v. DORIGNAC.*

No. 16555.

Court of Appeal of Louisiana. Orleans.

Nov. 30, 1936.

O'Niell & O'Niell, of New Orleans, for appellant.

Clem H. Sehrt, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, John Traina, filed this suit against Joseph Dorignac for the recovery of $192. The petition alleges that during the latter part of May, 1935, plaintiff sold to the defendant seven milch cows and six calves for the price and sum of $295; that a few days later the defendant paid $82 on account of said debt, leaving a balance of $213, and that, on June 5, 1935, the defendant acknowledged the debt in writing. It is alleged that subsequent to the giving of the acknowledgment, the defendant paid $21 on account of the indebtedness and that there is now a balance due of $192. The prayer of the petition is for judgment in the sum of $192 together with the issuance of a writ of sequestration, commanding the constable of the First city court of New Orleans to sequester and take into his possession five of the cows on which the plaintiff claims to have a vendor's lien and privilege.

The writ of sequestration was issued, and the defendant answered, in due course, averring that the debt had been extinguished by payment during the month of October, 1935. The defendant also filed a reconventional demand for damages in the sum of $150, claimed by virtue of the alleged wrongful issuance of the writ of sequestration.

After presentation of the case on the foregoing issues, the court below dismissed both the plaintiff's suit and the defendant's reconventional demand as of nonsuit. From the judgment of dismissal, plaintiff has appealed and the defendant has answered the appeal, praying that the judgment below be amended so as to award him damages on his reconventional demand.

The issue presented for our consideration is solely one of fact. The defendant, having admitted the existence of the debt, assumed the burden of proof respecting his plea of payment, and our chief concern is to determine whether he has

successfully proved, by a fair preponderance of evidence, that the debt was extinguished.

To substantiate his contention, the defendant produced the testimony of four witnesses, including himself. These witnesses all swear that on or about October 24, 1935, at about 12 o'clock noon, the plaintiff called at the house of the defendant, and the defendant paid in cash to the plaintiff the balance due on the debt in question; that the payment was made in defendant's kitchen; and that the plaintiff remarked, upon receiving the money, that the debt was squared and settled. The defendant says that he paid the plaintiff the sum of $192, being the balance which the plaintiff claimed to be due on the debt. His wife corroborates this statement. George Cerise, a friend of the defendant, says that he was present at the time the payment was made and, while he does not know the exact amount of the payment, that the plaintiff remarked, upon receiving the money, that the debt was squared. To the same effect is the testimony of Miss Helen Bertoniere, a friend of the defendant, who claims to have been present at the time the money was passed.

On the other hand, the plaintiff denies that any such payment was made and claims that the balance, $192, is still due and owing him.

Counsel for plaintiff argues here that the testimony of the defendant and his witnesses is unworthy of belief; that they have contradicted themselves in many particulars; that the physical facts of the case bear out the contention of the plaintiff; and that the balance due on the debt in question was at no time extinguished. But a careful reading of the record has convinced us that the testimony of the defendant and his witnesses clearly preponderates and that the debt was paid in cash in the manner and under the circumstances set forth by the defendant in his testimony. It must be borne in mind that both of the parties litigant are dairymen; that they were good friends prior to the dispute which brought about this suit; and that they customarily dealt with each other on a cash basis and without the use of receipts or other written evidence respecting their indebtedness to each other. It appears that the plaintiff had received from Dorignac a note for $213 representing the balance due on the purchase price of the cows, but it is also shown that thereafter Dorignac delivered a cow to Traina, for the purpose of having Traina sell the cow for the credit of his account, and that, after the cow was sold, Traina did not furnish Dorignac with written evidence of the amount which was to be credited against the note. The defendant also says that at the time he paid the balance of $192 that he did not ask the plaintiff for a receipt, but that he later requested plaintiff to return the outstanding note on several occasions but that the plaintiff failed to do so.

While it may be said that, on the whole, the defendant's testimony is not entirely satisfactory, the same comment is applicable to the evidence of the plaintiff. For instance, the plaintiff says that, during the month of July, 1935, he called upon the defendant demanding payment of the balance due on the note, and that thereupon the defendant abused him and called him everything under the sun. He further says that, after that incident, he did not have anything more to do with the defendant. Yet, when asked whether it was not a fact that he moved cows for the defendant from Lakeview to Edgelake during the month of October, 1935, he states that he does not remember. In conflict with this testimony is the evidence of many other witnesses including that of his own witness, Mr. Cuiffi, who states that, during the month of October, the plaintiff moved the defendant's cattle from Lakeview to Edgelake.

In view of the contradictions found in the testimony of the plaintiff and the defendant, we rely upon the evidence of other witnesses regarding the plea of payment. On this score we find the testimony of Mrs. Dorignac, Mr. Cerise, and Miss Bertoniere. Their evidence is unimpeached and there is no apparent reason why we should not believe their statements.

Being, therefore, of the opinion that the defendant has proved payment of the obligation, we next consider the reconventional demand.

Defendant claims that because of the wrongful sequestration and seizure of his property, he has sustained damages in the amount of $150 itemized as follows: $50 for attorneys' fees and $100 for damages to his feelings and mental anguish.

Regarding the claim of $50 for attorneys' fees, it is well settled that such claims for damages are recoverable only when the writ of sequestration is dissolved on motion or rule and not on the merits of the case. See Barry v. Union Sulphur Co., 167 La. 227, 119 So. 30, and Fariss v. Swift, 156 La. 12, 99 So. 893.

Inasmuch as the writ of sequestration was not dissolved on rule, the claim for attorneys' fees is disallowed.

█ Respecting the claim for damages of $100 for mental anguish and injury to defendant's feelings, as a result of the issuance of the writ, we have searched the record in vain for proof in support thereof. The transcript shows that when the constable, acting under orders of court, served papers on the defendant, Dorignac immediately bonded the seizure. He was at no time deprived of the possession and use of the cattle. Moreover, his claim for mental anguish is not sustained by the evidence.

█ The only error committed by the trial judge was in dismissing both claims as of nonsuit instead of rendering final judgments.

For the reasons assigned, it is ordered that the judgment appealed from be, and it is, amended so as to dismiss plaintiff's suit, at his cost, and so as to dismiss the reconventional demand, at the cost of defendant, and as thus amended the judgment is affirmed. Plaintiff-appellant to pay the cost of this appeal.

Amended and affirmed.