No. 26444.

## SMITH v. WM. D. KEITH MOTORS CO.

(Feb. 28, 1927.)

*(Syllabus by Editorial Staff.)*

Sequestration ⬤➡17—Defendant held not entitled to attorney fees for dissolving sequestration, where motion to dissolve was heard with and on merits.

Where motion to dissolve sequestration of automobile was tried and disposed of with merits of the case, defendant was not entitled to allowance of attorney fees for dissolving writ.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Action by W. S. Smith against the Wm. D. Keith Motors Company. From a judgment allowing defendant attorney fees for dissolving writ of sequestration, plaintiff appeals. Reversed in part with directions.

Melvin F. Johnson, of Shreveport, for appellant.

Herndon & Herndon, of Shreveport, for appellee.

ST. PAUL, J. Plaintiff sued for the recovery of an automobile and caused same to be sequestered. Defendant moved to dissolve the sequestration on the ground that plaintiff's allegations as to the *ownership* of said automobile were false and untrue.

### I.

The motion to dissolve was referred to, and tried with the merits, and defendant · was allowed $250 as attorney's fees for dissolving the writ; from which judgment *plaintiff* appeals. And the only question presented is whether defendant is entitled to attorney's fees for the dissolution of the writ as aforesaid.

### II.

As will appear from the foregoing, the motion to dissolve the writ involved the merits of the case, and was tried and disposed of with the merits and on the merits.

In Fariss v. Swift, 156 La. 17, 99 So. 893, 894, we said:

That "whenever an attachment or other conservatory writ is dissolved after hearing the merits, or so that it is impossible to differentiate between the attorney's services for dissolving the attachment and those for defending the suit, such attorney's fees cannot then form an element of the damages to be allowed for the wrongful issuance of the writ, 'for to do so would be to allow the fees virtually for defending the suit on the merits, which is not permissible' "—citing Three Rivers Oil Co. v. Laurence, 153 La. 224, 95 So. 652.

See, also, Witbeck v. Rea, 158 La. 1003, 105 So. 43, and Fabacher v. Rouprich, 160 La. 433, 107 So. 295.

American Hoist & Derrick Co. v. Frey, 127 La. 183, 53 So. 486, is not altogether in point. In that case the motion to dissolve the writ of sequestration, though tried with the merits under reservation, was based upon the ground that independent of the merits of the case the writ should not have issued because plaintiff had no reason to believe that the property would be removed out of the jurisdiction of the court (a reason good as the law stood at that time, but no longer good since Act 190 of 1912, p. 336, amending Code of Practice, art. 275). But even in that case it was admitted that, if the writ had been dissolved only because the merits of the case were with the defendant, then defendant would not have been entitled to attorney's fees for dissolving the same.

### Decree.

The judgment appealed from is therefore reversed in so far as it allows defendant attorney's fees, and the demand of the defendant for attorney's fees for dissolving the writ is now rejected; defendant to pay the costs of this appeal and plaintiff to pay the costs of the court below (costs of suit).