No. ——

First Circuit

U. S. SLICING MACHINE CO. v. GONDOR JOSEPH

(Feb. 15, 1928. Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Sales—Par. 4, 309.
The sale of a movable by a contract of sale in which the purchaser supposedly rents the machine until the purchase price is paid, is in effect, a credit sale, and the purchaser, therefore, can give clear title to third party. See Act 52 of 1877, Section 2.

Appeal from the District Court, Parish of Lafayette. Hon. W. W. Bailey, Judge.

Action by U. S. Slicing Machine Company against Gondor Joseph.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Sandoz & Sandoz, Opelousas, attorneys for plaintiff, appellant.

Debaillon & Meaux, Lafayette, attorneys for defendant, appellee.

ELLIOTT, J. U. S. Slicing Machine Co., Inc., claims of Gondor Joseph a slicing machine described in the petition, alleging that it is the owner, that said Joseph has possession of it, and withholds same from the petitioner.

Plaintiff alleges that its ownership results from a written contract entered into between it and W. B. Broussard. The contract is annexed to and made part of its petition.

The defendant for answer alleges that he is the owner of the machine. That the document set out by the plaintiff as showing its ownership, shows instead that the plaintiff sold the machine to said Broussard, and he alleges that he purchased it from Broussard.

The controversy is as to the legal effect, meaning an intendment of the parties to the contract in question. The District Court held that it was in fact a sale and that Broussard became the owner by purchase from the plaintiff, and that defendant was the owner of same by purchase from Broussard. From a judgment rejecting its demand, the plaintiff appealed.

The document is called, in the body of the document itself, by the plaintiff and by said Broussard, a lease. It says that U. S. Slicing Machine Co., Inc., has rented the machine to W. B. Broussard for the term of ten months in consideration of which the lessee agrees to pay the lessor the sum of $250.00 as rent for the machine. The sum of $25.00 was to be paid at the time the agreement was entered into and

$25.00 per month was to be paid on the first of each month thereafter until the total sum amounted to $250.00, upon which it provides that "The lessee may elect to become the owner of the property and such election shall vest title to said property in the lessee."

It contains a further provision to the effect that it shall not be cancelled by the lessee; that it covers all the agreements of the parties and that the property is not placed on trial. There are other stipulations in the contract but they have no bearing on the question of ownership.

The $25.00 which Broussard paid at the time he received the machine is all that he ever paid. He, not long afterwards, sold and delivered it to Joseph. The contract between the Slicing Machine Company and Broussard was in effect a sale and was so intended by them at the time it was entered into. Broussard paid $25.00 and bound himself unconditionally in the contract to pay $25.00 each month thereafter, in addition, until the total sum paid amounted in the aggregate to $250.00, upon which, he, as a result and without further agreement or payment became the absolute owner. What the parties called rent was in effect the price of a credit sale. Bulkley vs. Whited & Wheeless, 104 La. 125, 28 South. 922; Forsman vs. Mace, 111 La. 28, 35 South. 372; Barber Asphalt Paving Co. vs. St. Louis Cypress Co., 121 La. 152, 46 South. 193; Act 52 of 1877, Section 2.

The judgment appealed from is correct. Judgment affirmed, plaintiff and appellant to pay the cost in both courts.