*403
 
 ST. PAUL, J.
 

 Plaintiff sues to be declared the owner of thirteen certain mules herein sequestered. The defense is that defendant acquired them from one Matney, and that said Matney had
 
 purchased
 
 them from plaintiff. Plaintiff’s contention is that he only
 
 leased,
 
 but did not
 
 sell,
 
 said mules to Matney.
 

 The
 
 facts
 
 are practically undisputed, but not the conclusions to be drawn therefrom. Matney says he
 
 bought
 
 the mules; plaintiff says he only
 
 leased
 
 them to Matney. And the circumstances were these, that plaintiff delivered the mules to Matney, and Matney gave plaintiff six notes aggregating $4,-750, the full value of the mules, payable from month to month, one for $1,000 and five for $750 each. A¥hen Matney would have paid
 
 all
 
 the notes, he was to have the privilege of buying the mules for no other consideration than the amount of the notes so paid. Matney paid only the first four notes, aggregating $3,250, but did not pay the last two notes, aggregating $1,500. All notes bore interest at 8 per cent, from date.
 

 I.
 

 Now the case is simply this: If the above-recited facts constitute merely a
 
 lease
 
 of the mules to Matney, then plaintiff is entitled to take them back, having never parted with the ownership thereof. On the other hand, if the above-recited facts constitute a
 
 sale
 
 of the mules to Matney, then plaintiff is not entitled to take them back.
 

 In State ex rel. Bulkley v. Whited & Wheless, 104 La. 125, 28 So. 922, and again in Adams Machine Co. v. Newman, 107 La. 702, 32 So. 38, this court held that:
 

 “Where all the essential elements and conditions for an absolute sale are present, in a contract between parties, the effects flowing legally from that particular contract follow, whether the parties foresaw and intended them or not, and though they may refer to the contract as an agreement to sell, or as a conditional sale.”
 

 In Barber Asphalt Co. v. St. Louis Cypress Co., 121 La. 152, 46 So. 193, this court again held:
 

 “A so-called conditional, sale, or sale by which the vendee is to become at once unconditionally bound for the price, and the vendor is to continue to be owner of the property until the price is paid, is not possible under the laws of this state. A petition wherein the vendor under such a contract claims the ownership of the property sold shows no cause of action.”
 

 Now it is clear that a so-called contract of lease by which the lessee binds himself at once and irrevocably for a rental equal to the full value of the thing leased, and is to become owner thereof when the so-called rental is paid in full, and without the payment of any further consideration, is nothing else than a conditional sale disguised under the form of a so-called lease; and the effect of such a contract is to vest title in the so-called léssee, i. e., purchaser. Grapico Bottling Works v. Liquid Carbonic Co., 163 La. 1057, 113 So. 454.
 

 . II.
 

 Plaintiff directs our. attention to Doullut et al. v. Rush et al., 142 La. 443, 77 So. 110, wherein this court held:
 

 “Where parties enter into a contract, by authentic act, which they call a lease, in which they call themselves lessor and lessee, * * * the fact that it also contains an option to the lessee to buy the property, upon specified conditions, and certain stipulations, predicated upon the * * * right so conferred, is * * * insufficient * * * for the defense, set up by the lessee, in an action of ejectment, for nonpayment of rent, that the contract is one of sale, where it is admitted that none of the conditions required to convert it into a contract of sale have been complied with.”
 

 That case is readily distinguishable from the case 'at bar. Thus the very same case, upon some other phase thereof, came before the Court of Appeal for the parish of Orleans, and that court held, quite in consonance with ruling of this court, as follows:
 

 1. A contract by which -a party binds himself to pay in installments a certain sum for
 
 *405
 
 the use of a thing, with the privilege of becoming the owner thereof upon paying a further sum, for which, however, he has not bound himself absolutely, is simply a lease with an option to purchase, and is not a sale. [But]
 

 2. An alleged lease, in which at the end of the term the lessee is to become the owner of the thing leased, in consideration of the rent to he paid, is in fact a sale translative of the property from its very inception. Doullut et al. v. Ruch et al. (No. 7270) Tessier’s Digest, p. 08. [Cf. Grapico Bottling Works v. Liquid Carbonic Co., supra.]
 

 In Doullut v. Kush, the lessees had bound themselves only for 22 months at $500 per month, with the privilege of buying the property at any time during said period for $25,-000, less a credit for any rent paid; so that there was at least $14,000 of the stipulated price for which they had never bound themselves at all, and might never hind themselves. On the other hand, in this case, Matney had bound himself at once for the full amount of the stipulated price. .So that the Doullut v. Rush case falls clearly within the first category above, and the present case clearly within the second.
 

 Page v. Loeffler, 146 La. 890, S4 So. 194, 22 A. L. R. 563, has no application here. That case holds, merely that a
 
 promise of sale
 
 of .real estate does not transfer title. The reason is that “in the case of sale of real estate, neither consent nor delivery nor payment of price is sufficient to transfer the ownership; out there must be a deed translative of the title.” Trichel v. Home Insurance Co., 155 La. 459, 99 So. 403. In this ease there was no mere agreement of sale, but a completed sale and delivery of the mules. See paragraph I, supra.
 

 III.
 

 The judgment below was for defendant, and plaintiff has appealed. The defendant has answered the appeal praying
 
 only
 
 for an amendment allowing him attorney’s fees for having dissolved the sequestration herein on motion before judgment on the merits. But an examination of the proceedings had below on the motion to dismiss shows that the sequestration was dissolved only because on the trial thereof the mules were found to belong to defendant and not to plaintiff. In other words,
 
 the merits
 
 of the case were considered and passed upon in disposing of the motion to dissolve; so much so that defendant pleaded that ruling as res judicata to the trial on the merits, which plea was overruled, but is not before us now, for defendant has asked for no amendment in that respect.
 

 But, since the sequestration was dissolved only because the merits of the case were with defendant, it follows that defendant is not entitled to attorney’s fees for having had the writ dissolved on such grounds, “for to do so would be to allow the fees virtually for defending the suit on the merits, which is not permissible.” Smith v. Keith Motors Co., 163 La. 395, 111 So. 798, and authorities there cited.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.