(117 So. 745)

No. 28994.

## DEHAN v. YOUREE et al.

June 4, 1928.

Wise, Randolph, Rendall & Freyer and Barksdale, Bullock, Warren, Clark & Van Hook, all of Shreveport, for appellants.

Aubrey M. Pyburn and J. Fair Hardin, both of Shreveport, for appellee.

OVERTON, J. In the latter part of December, 1922, defendants leased to plaintiff certain premises in Shreveport, formerly known as the Grand Café. Plaintiff conducted in the leased premises a restaurant until he was evicted by defendants. Following his eviction, plaintiff instituted suit to annul the lease on the ground that he was unlawfully evicted, and to recover damages for the eviction and for defendants' interference with his business. Several months later, defendants brought suit against the plaintiff herein for rent, which they alleged was due by him, and which, if it was due at all, accrued after the eviction. In that suit the defendants herein provisionally seized the property of plaintiff contained in the leased premises, which consisted of the furnishings of the restaurant, and the plaintiff herein reconvened for damages in that suit for the unlawful seizure. The two suits were consolidated for the purposes of trial and appeal. In the lower court judgment was rendered annulling the lease, rejecting the demand of the defendants herein for rent, and allowing plaintiff damages in the sum of $400, apparently for loss of profits during the time of actual eviction. On appeal, this court amended the judgment by allowing plaintiff, as against two of the defendants, Mrs. Bettie Youree and Mrs. Rose Lloyd, in addition to the $400 allowed by the lower court, $300 for defendants' interference with plaintiff's business prior to eviction and prior to the issuance of the provisional seizure, and $1,282.95 for being deprived of immovable improvements placed by him on the leased premises at the beginning of the lease, and by reserving to plaintiff the right to sue for any damages sustained by reason of the provisional seizure. In all other respects the judgment appealed from was affirmed. Dehan v. Youree et al., 161 La. 806, 109 So. 498.

The present suit was brought to recover the damages which plaintiff claims that he suffered by reason of the unlawful provisional seizure of his property. The damages claimed aggregate $11,698.66, and consist of items for the depreciation of the property seized during the period of seizure, including the breakage resulting from lack of care in removing the property to a place of storage, for being deprived of the property during the period of seizure, for being deprived of two electric exhaust fans, one water heater, one boiler, and two screen doors, which defendants have retained and refuse to return, for damage to plaintiff's credit, for humiliation and worry,

and for attorney's fees for obtaining the dissolution of the writ.

■ The amount claimed by plaintiff for depreciation and breakage of his property, pending the seizure, is $5,535. Defendants contend that plaintiff is estopped from seeking to recover these damages. They urge that this is so because when they attempted to obtain an order of court to sell the property seized as perishable plaintiff resisted the sale, and testified substantially on the trial of the application for the sale that the property was not perishable and would not suffer depreciation by remaining under seizure, and because he had admittedly abandoned the property prior to its seizure. They also contend that plaintiff is estopped from seeking to recover these damages because of his refusal to accept an amicable cancellation of his lease, with ample indemnity for all damages suffered, and by his refusal to reoccupy the building after the temporary interference with his lease, caused by the demolition and rebuilding of one of the walls of the building.

■ We fail to find that plaintiff, at any time, abandoned his property. There is nothing in the record to justify the conclusion that he did. To the contrary, the record shows clearly that he did not. Nor do we think that, because he resisted the sale of his property as perishable, and testified on the trial of the application for its sale that he thought the property would not deteriorate pending the seizure, he is estopped from recovering damages for its deterioration, and for the injury caused the property in removing it to store it. The property, which consisted of furniture, glassware, hardware, and other restaurant furnishings, was not of such a nature as was perishable within the meaning of the law sanctioning the sale, pendente lite, of perishable property under seizure. By resisting the sale, plaintiff was merely seeking to retain his property, which he was claiming—and rightfully so—that defendants

had unlawfully seized. As the seizure was unlawful, defendants cannot urge that plaintiff is estopped from claiming damages for the deterioration and breakage claimed, because he asserted the legal right of preventing a sale of his property. It was defendants' duty not to have seized the property and not to have continued to hold it. Nor do we think that, because plaintiff refused to accept an amicable settlement offered, granting that one was offered, and because he refused to reoccupy the building after having been evicted, he is estopped from suing for the damages here claimed. He was not called upon to accept the settlement or reoccupy the building. His refusal to do either did not relieve defendants of their liability for the illegal seizure, or affect that liability as to the damages for deterioration and breakage here claimed.

■ Our conclusion is that plaintiff is entitled to recover such damages on this item as he may have established. He paid $8,135 for the property some 20 months before it was seized. About one-half of it, when purchased by him, was secondhand furnishings. The property was in fairly good condition when seized. It remained under seizure for nearly two years. At some time during the period of seizure some or all of it was crated or boxed, and removed to a place of storage by the sheriff. In removing the property, or during the period it was in storage, or both, it appears that a considerable part of it was seriously damaged, and when finally released that most of it had considerably depreciated. When the property was released, defendant, who had in the meantime acquired new furnishings for a restaurant, advertised the property for sale. It appears that he received a bid of $789.50 for it, which was later withdrawn on account of the condition of the property, and that he later sold it for $500, which seems to have been the best price he could obtain for it. The trial court allowed

plaintiff $1,500 on this item. While the evidence on it might have been more specific and complete, yet we think that it fully justifies the conclusion that the damage resulting from depreciation and breakage amounts to $2,000, and hence the judgment, under plaintiff's answer to the appeal, will be increased to that amount.

Two of the defenses urged by defendants to the next item, which is for the loss of the use of the property during the period of nearly two years in which it was under seizure, are that plaintiff is estopped from claiming these damages because of his declaration and testimony in the prior litigation to the effect that the property was useless and of no value except upon the leased premises and for the purpose for which it had been there used, and that the judgment of this court in Dehan v. Youree et al., 161 La. 806, 109 So. 498, operates as res adjudicata against this demand.

While plaintiff alleged in his suit for the cancellation of the lease and for damages for the eviction that the furnishings of the restaurant were particularly adapted to the restaurant in which they were located, and would be a total loss if removed therefrom, still we think that plaintiff is not estopped by the allegation from claiming the damages here sued for. A mere reference to the list of furnishings contained in the restaurant shows that the allegation has nothing upon which to rest, and could not have been misleading or prejudicial to defendants in any respect. Plaintiff recovered nothing upon the strength of it. The allegation may be considered as a mere erroneous conclusion of the pleader, which later he had a right to correct by suing, under his reserved rights in the decree in that suit, for damages upon the proper basis. Nor do we think that the plea of res adjudicata urged is applicable to this item. The damages here sued for result from the illegal seizure. In the case of Dehan v.

Youree, and in the companion case consolidated with it (161 La. 806, 109 So. 498), this court reserved to plaintiff, as appears from the decree therein, the right "to sue for any damages sustained by reason of the provisional seizure." The right so reserved was not limited, as urged by defendants, to damages arising from the depreciation of the property during the period it was under seizure, but includes within its scope any damages arising from the seizure. The damages here sued for being such as are claimed on account of the seizure, the plea is not well founded. Plaintiff is therefore entitled to such damages as he may have proven for having been deprived of the use of his property during the 22 months it was under seizure. The trial court allowed nothing on this item. We think that plaintiff is entitled to something for this deprivation. In our view, the evidence justifies the conclusion that he is entitled to $500 for it.

The amount claimed by plaintiff for the two electric exhaust fans, the water heater and boiler, and the two screen doors is $528. Plaintiff sues for the value of this property on the theory that it was wrongfully seized by defendants and converted by them to their use. Defendants have refused to deliver the property on the ground that it is permanently attached to the building that was leased, forms part of it, and on the termination of the lease would have reverted to them under the law and the contract of lease. They urge specially the plea of res adjudicata against this demand, contending that it was finally disposed of in the prior litigation between them and plaintiff.

The demand for the value of the exhaust fans and the screen doors was included in the suit instituted by plaintiff against defendants for the cancellation of the lease and for damages as appears from the fourth article of the petition therein and from the prayer. These fans and doors were not provisionally seized

in the suit for rent instituted by defendants against plaintiff, evidently because they were considered part of the building. They were, in fact, so attached to the building as to form part of it. The suit for the annulment of the lease and for damages, a large part of the damages having been included also in the suit for rent, by defendant in his answer thereto, was finally disposed of by the judgment rendered in Dehan v. Youree, and the provisional seizure suit, consolidated with it, cited supra, save as to demands for certain damages, which were reserved, among which were not those for these two items, for the exhaust fans and doors were not provisionally seized and the reservation was only for damages arising from the seizure. In fact, it may be said that defendant was allowed substantial damages in those consolidated suits for permanent improvements, and these improvements are permanent. For these reasons we think the plea of res adjudicata is well founded as to these two items. As to the water heater and boiler, plaintiff places their value at $60. We are not prepared to say that they were permanently attached to the building. It appears from the return on the writ of provisional seizure that they were seized. We therefore think that the right to sue for any damages occasioned by their seizure was reserved to plaintiff by the decree in Dehan v. Youree, and the suit consolidated with it, and, since defendants have refused to deliver this property, that plaintiff has the right to sue for its value. This value we fix at $45. Therefore, as to these items, including the exhaust fans and screen doors, the

judgment of the trial court, which allowed $396 for all of them, will have to be reduced to $45, so as to allow only for the heater and boiler.

■ Plaintiff places the damage to his credit resulting from the provisional seizure at $1,000. We think that plaintiff's credit was unquestionably damaged by reason of the seizure. In our view he is entitled to $500 because of this damage. Wall v. Hardwood Mfg. Co., 127 La. 959, 970, 54 So. 300.

■ The demand for attorney's fees, which amounts to $1,333.66, cannot be allowed. The provisional seizure was dissolved as a result of the trial on the merits of the case. Where this is so, attorney's fees will not be allowed, because it is impossible to differentiate between the attorney's services for dissolving the writ and those for defending the suit. Smith v. Keith Motors Co., 163 La. 395, 111 So. 798.

As to damages for humiliation and worry, the record does not disclose that plaintiff is entitled to damages for these, nor is he entitled to recover his outlay in printing briefs and defraying the expenses of his attorney to New Orleans to argue the appeal in the provisional seizure suit.

For the reasons assigned, the judgment appealed from is amended by increasing the amount thereof from $1,896, with 5 per cent. per annum interest thereon from October 21, 1926, to $3,045, with 5 per cent. yearly interest thereon from said date; and, as thus amended, said judgment is affirmed, appellants to pay the costs of this appeal.