No. 750

First Circuit

---

## AMITE AUTO CO. v. APPEL
### (PASSMAN, Intervener)

---

(May 5, 1931. Opinion and Decree.)

---

H. R. Reid, of Hammond, attorney for plaintiff, appellee.

Ellis, Ellis & Ellis, of Amite, attorneys for intervener, appellant.

LeBLANC, J. C. L. Appel, the defendant herein, was indebted unto the Amite Auto Company, in the sum of $617.75, on an open account. On learning that he had left the state, that company, plaintiff in this proceeding, obtained an order for a writ of attachment from the district court, under which the sheriff seized 2 one and one-half ton Chevrolet trucks and one one and one-half ton Ford truck, which belonged to the defendant. An attorney ad hoc was appointed to represent the absentee defendant, and to have proper service made on him. The latter made no appearance in court, however, and judgment went by default against the defendant for the full amount sued on.

The seizure under the writ of attachment was made on November 9, 1929, and on January 3, 1930, Delos Passman, claiming that the defendant Appel was indebted unto him in the sum of $319.37, being the unpaid balance of the two Chevrolet trucks which had been seized, intervened in the suit, asserting that he had a vendor's lien and privilege thereon which was superior to and primed the debt of the plaintiff. He further alleged in his petition of intervention that the plaintiff had had the two trucks in its possession as keeper and had been illegally using them in hauling gravel and should be made to pay the sum of $20 daily as rental, and that amount should be credited on the defendant's account with the plaintiff. He prayed for recognition of his vendor's lien and privilege, and that he be paid by preference and priority over all persons out of the proceeds of the sale of the two trucks.

Upon trial of the case, the district court rendered judgment in favor of the plaintiff and against the defendant, maintaining its lien and privilege under the writ of attachment, and dismissed the intervention of Passman. The latter appealed.

The only question at issue is whether or not the intervener has a vendor's lien on the two Chevrolet trucks for the amount he claims, or for any amount.

We observe that, in his petition of intervention, the intervener seems to studiously guard himself in his allegation regarding the sale of the trucks to the defendant under which he claims his vendor's lien. He simply avers that the defendant is indebted unto him in the sum of $319.37, for the balance of the unpaid purchase price due on the trucks, without making any reference whatever to the sale itself. A certified copy of the act of sale offered in evidence, however, shows that the purchase price of the two trucks was $1,954.66, of which amount $723.28 is declared to have been paid "in current money of the United States of America, for which the purchaser is hereby granted full acquittance and discharge." The remainder of the purchase price was divided in six equal installments due in six consecutive months, all represented by a single note, bearing date June 4, 1929, secured by vendor's lien and chattel mortgage on the property sold. This act, as appears from the certificate indorsed on it, was recorded in the mortgage records of the parish of Tangipahoa

where the sale had been effected, on June 5, 1929. On the date of the seizure of the two trucks, the last two installments remained unpaid. Plaintiff was advised by the Bogalusa Finance Company that it held the note on which these two installments were still outstanding, and paid the finance company the full balance that was due. After this payment the property became free of any liens or incumbrances so far as the records of the mortgage office disclosed.

During the trial of the case, the intervener persistently attempted to show that the cash part of the consideration expressed in the act of sale was not the actual amount which had been paid, and that the defendant was still indebted unto him in the amount claimed in his petition of intervention. The issue then resolved itself, as it goes here, into one of the admissibility of parol testimony on the question of consideration. The trial judge was called on repeatedly to rule on objections made to the admissibility of the testimony. The record, no doubt because of the almost continual argument of counsel, is far from being satisfactory from the standpoint of being intelligible. Still we understand the purpose of the judge throughout was to exclude all evidence on the question of consideration and restrict the parties to the declaration in the written act of sale. It would seem that his judgment in effect confirms that opinion. We believe such ruling was undoubtedly correct under the very plain provisions of article 2276 of the Revised Civil Code which forbids the admission of parol evidence against or beyond what is contained in written acts, or on what may have been said before or at the time of making them or since.

In face of the express declaration in the act of sale that the full cash payment of $723.28 was made by the purchaser, the defendant herein, and full acquittance and discharge therefor was given by the vendor, the intervener, and in the absence of any allegation of error or fraud with regard to the act of sale, we are unable to understand on what ground the latter expected to prove a different consideration or any balance due on the cash payment under which he enjoyed a vendor's lien and privilege on the trucks. If as against the vendee, it would have been necessary for him to have laid the proper foundation to offer such proof, how more necessary therefore would it have been for him to do so in a proceeding in which the rights of third parties had intervened? Parties are bound by their written acts which are placed of record when the rights of third parties are concerned, and in this case, when the plaintiff herein paid off the Bogalusa Finance Company which held the only outstanding balance due on the seized property, it did all that it was required to do and thereby satisfied the only vendor's lien bearing thereon.

Intervener produced a letter written by the defendant in which it is contended he acknowledges that he owes intervener balance on the trucks, which he submits is proof of his vendor's lien. Were this letter to be given any consideration, we find that there is nothing in its contents to create a vendor's lien on the trucks as contended for by intervener's counsel. In the first place, no specific amount is mentioned as being due the intervener, reference being made to a balance of a little more than $100 being due him and another party referred to as "old man Jack." Nor is there anything to indicate from its wording that this is a balance remaining due on the purchase price of the trucks. In the second place, binding as it may be between the parties to it, such letter can have no effect as regards third persons

who know nothing about it, or its contents.

Intervener's claim that a rental of $20 per day be charged against the plaintiff for use of the trucks is one which implies ownership and is therefore wholly inconsistent with the demand of his petition of intervention for recognition of his vendor's lien and privilege, and that he be paid by preference and priority out of the proceeds derived from their sale. Such question might have been raised by the defendant who was still the owner of the trucks, but not by this intervener, in view of the position he has assumed in his petition of intervention.

We believe that the lower court had correctly disposed of all the issues presented in this case, and its judgment is therefore affirmed.