## CLAUDE NEON FEDERAL CO. OF SHREVEPORT, Inc., v. ANGELL et al.

### No. 4714.

Court of Appeal of Louisiana. Second Circuit.

March 29, 1934.

H. H. Russell and Fink & Fink, all of Monroe, for appellant.

Shotwell & Brown, of Monroe, for appellee.

TALIAFERRO, Judge.

Plaintiff, in keeping with a written contract with defendants, prepared, delivered, and installed for them an electrical advertising sign, with accessories, and a system of wiring and operating devices, all of which, the printed contract declares, "shall remain the property of the Company" (plaintiff). Defendants agreed to keep and use said sign for three years continuously. They paid $17 cash on the contract when it was signed and agreed to pay that amount monthly for thirty-six consecutive months. There was written in the contract at time of its execution the following: "At end of 36 months this sign belongs to the customer" (defendants). Defendants made no payment on the contract after the initial payment was made. The contract, which is attached to and made a part of the petition, contains this penal clause: "Upon breach of any of the terms of this agreement, the Company may remove its property furnished hereunder, or may merely cut off or cease to furnish all service to be rendered, of any kind, either or both, in any of which events the Customer agrees to pay to the Company immediately a sum equivalent to seventy-five per cent (75%) of the monthly advertising service rate for each and every unexpired month of the term of this contract, unpaid for, with attorney's fees as hereinafter set out, which amount is agreed to be the actual loss suffered by the Company by reason of such breach, and as such is to be considered as liquidated damages sustained to the Company."

Plaintiff brought this suit against defendants to recover the monthly payments under the contract from May 25, 1932, to August 1, 1932, and for 75 per cent. of the balance due after August 1st, as liquidated damages, and for 15 per cent. attorney's fees, all as provided for in the penal clause.

It is specifically alleged that according to the terms and conditions of said contract, petitioner has the right, upon its breach, to remove its property furnished thereunder, which it elected to do, and that it should be decreed to be the owner of said sign and accessories and be given the right to remove same. The prayer is consonant with these allegations.

Both defendants filed exceptions of no right and no cause of action, which were argued and referred to the merits. Defendants filed separate answers. Angell's answer is a general denial. Sims admits execution of the contract sued on, but denies all other allegations of the petition. In reconvention he says that he executed the contract in question, with C. J. Angell, thinking, as it was represented to him by plaintiff's agent, that same was a sales contract, stipulating for payment of $17 cash upon delivery of the sign therein described, and the payment of $17 monthly thereafter until the entire purchase price was paid. He avers that without court authority and in violation of his rights, and contrary to law, plaintiff entered upon his premises and illegally and wrongfully removed said sign, took same into its possession, and disposed of it, contrary to his desires and wishes and without his consent, tacit or otherwise; all of which was done in active violation of the contract between them. He prays that plaintiff's demands be rejected, and that the contract herein involved be decreed to be a sale, and that the ownership of said sign be decreed to have been vested in him; that the illegal repossession of said sign be decreed to have had the effect of rescinding said contract, and of rendering it null and void. He also prays for judgment for the initial payment of $17 on the price of the sign, representing the equity he has lost on account of plaintiff's illegal act in wrongfully repossessing the sign.

The case was tried on a brief agreement of counsel as evidence. It is admitted therein that at the end of August, 1932, some six weeks prior to the filing of this suit, that plaintiff repossessed said sign, still has it, or the material of which it was made.

There was judgment for plaintiff as prayed for. Defendant Sims has appealed.

■ In their brief in this court plaintiff's counsel frankly and correctly admit that the contract sued on is simply a sale and not a lease contract. Contracts of this character have uniformly been held by our courts to evidence credit sales, vesting in the grantee the title to the property described therein. What is known as a conditional sale—title to the property remaining in the seller until the whole price, for which the purchaser is unconditionally bound, has been paid—is not countenanced in this state. Adams Machine Co. v. Newman, 107 La. 702, 32 So. 38; Barber Asphalt Pav. Co. v. St. Louis Cypress Co., 121 La. 152, 46 So. 193; Overland Texarkana Co. v. Bickley, 152 La. 622, 94 So. 138;

Byrd v. Cooper, 166 La. 402, 117 So. 441; Grapico Bottling Works v. Liquid Carbonic Co., 163 La. 1057, 113 So. 454; Morelock v. Morgan & Bird Gravel Co., 174 La. 658, 141 So. 368; United States Slicing Mach. Co. v. Joseph, 7 La. App. 451; Dickens v. Singer Sewing Mach. Co., 19 La. App. 735, 140 So. 296.

In contradiction of its theory of its rights under the contract, as reflected from its petition, in this court plaintiff now assumes this position, quoting from brief of its counsel, viz.: "The situation is this: Appellant owes appellee for the three and one-half months during which the sign was used, plus 75% of the unmatured installments as liquidated damages, and, if appellee has wrongfully repossessed the sign, which is denied, then appellant is entitled to a judgment in reconvention for the sum of $17.00, which is the amount prayed for in his answer. The sign was purchased by appellant and he has not paid for it and, hence, owes the purchase price or liquidated damages as specified in the agreement."

■ Counsel for Sims, appellant, contends here that the lower court erred in overruling the exception of no cause and no right of action interposed in limine by him. We think counsel correct, and that the exception of no cause of action good. The written contract, as we have said before, evidences a credit sale. Plaintiff's action is not predicated upon this construction of the instrument, but rather upon the assumption that the instrument is what it attempts to characterize itself as being, viz., a conditional sale with title to the property remaining in the seller until the price is fully paid. Plaintiff is not seeking to enforce the act as a contract of sale, nor does it sue for the unpaid purchase price, but on the contrary sues to be decreed the owner of the sign and to recover the penal amount stipulated as liquidated damages in case of breach of the agreement. Such a penal clause is not enforceable as a part of a contract of sale. Interest on the price is the measure of damages. "The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more." Civ. Code, art. 1935. See Griffin v. His Creditors, 6 Rob. 216; Heeb v. Codifer & Bonnabel, 162 La. 139, 110 So. 178, 179.

In this last case the court, while dealing with a written agreement to sell and buy real estate, said this of a penal clause there-

in which provided that in event of grantee's failure to make all payments on the price, that which had been paid should be forfeited to the grantor as liquidated damages, viz.: "We agree with the district judge that the forfeiture clause in the agreement was null and void because not warranted in law, was arbitrary, unreasonable, and without consideration."

Plaintiff is relegated to a suit on the instrument in question as a credit sale. As to whether its action in repossessing the sign without judicial authority will operate as a rescission of the sale and relieve defendants from any obligation to pay the purchase price, we venture no opinion. That question is left entirely open.

This appeal, taken only by defendant Sims, does not require us to pass upon the situation as it affects the rights of defendant Angell. To this time he has not appealed from the judgment against him.

For the reasons assigned, the judgment appealed from, in so far as it condemns Russell Sims, is annulled and reversed; the exception of no cause of action filed by him is sustained and plaintiff's suit against him is hereby dismissed, at its cost.