## VEILLON MOTOR CO., Inc., v. VEILLON (EUNICE MOTOR CAR CO., Intervener). *

### No. 1465.

Court of Appeal of Louisiana. First Circuit.
May 14, 1935.

Dubuisson & Dubuisson, of Opelousas, for appellant.

Guillory & Guillory, of Ville Platte, for appellee.

DORE, Judge.

The Veillon Motor Company, Inc., obtained a judgment against the defendant Alfred

Veillon. By virtue of the said judgment, it caused to be seized a certain Ford automobile belonging to defendant Alfred Veillon.

Thereafter, and prior to the sale, the Eunice Motor Car Company, Inc., intervened in the suit, asserting that it had a vendor's lien and privilege thereon which primed the debt of the seizing creditor.

Upon trial of the case, the district judge rendered judgment dismissing the intervention and third opposition of Eunice Motor Car Co., Inc., mainly basing his judgment upon the case of Amite Auto Co. v. Appel (Passman, Intervener), reported in 16 La. App. page 307, 134 So. 332.

Eunice Motor Car Company, Inc., has appealed.

The undisputed facts are that defendant Alfred Veillon did, on October 10, 1934, purchase from Eunice Motor Car Company, Inc., the Ford automobile under seizure for the price and sum of $716.94, and upon which he has purported to have paid the sum of $418 in cash, and for the balance of the said purchase price he executed one certain promissory note due twelve months after date, and for security of which said note the vendor, that is, the Eunice Motor Car Company, Inc., retained a vendor's lien and privilege, and the said purchaser granted a special mortgage to secure the same. In the chattel mortgage granted, both the vendor and vendee solemnly, under notarial act, declared that the only vendor's lien and privilege, and any other lien and privilege existing against the said property, to be that which is represented by the said note, that is, the sum of $308.94; the chattel mortgage further provides that fire and theft insurance shall be taken, and in the event of a claim therefor, the proceeds shall first be applied to the liquidation of the said note of mortgagor—all going to show that the only lien and privilege existing on this automobile to be as represented by the note of $308.94. This sale and chattel mortgage was duly recorded in the parish of Evangeline, wherein the purchaser, Alfred Veillon, was residing.

The certificate of mortgage from the clerk of court of the parish of Evangeline shows that, at the time of seizure, the only mortgage resting against the automobile was this vendor's lien and privilege retained and chattel mortgage granted to the amount of $308.94.

During the trial of this case, the third opponent persistently sought to show that the cash consideration as stated in the said act of sale and chattel mortgage, that is, the sum of $418, was not truly the amount paid, but was made up of a Dodge car of the value of $150 and a personal note of $268, and for which amount of $268 the defendant Alfred Veillon was yet indebted unto it, and it had a further vendor's lien and privilege. This line of testimony was timely objected to on behalf of the plaintiff in execution, defendant in third opposition. The lower court in a way sustained the objection but permitted it to be introduced for the benefit of this court in the event this court should not agree with its ruling.

The lower court in its rendition sustained the objection to the evidence and followed our former ruling in the case of Amite Auto Co. v. Appel (Passman, Intervener), 16 La. App. 307, 134 So. 332.

■ The issue then resolved itself, as it goes here, into one of the admissibility of parol testimony.

The intervener and third opponent cites us many decisions to the effect that the parol evidence rule does not apply in controversies between a party to the instrument on the one hand and a stranger to it on the other; the intervener and third opponent further contends and cites us many decisions to the effect that the real consideration in a contract can always be shown by parol evidence. We do not doubt the correctness of the two principles of the law argued by the intervener and third opponent, but they do not apply to the case at bar. The question presented is to the effect of a notarial document, duly registered in the recorder's office, and wherein the interest of a third party has accrued. So far as third persons are concerned, mortgages, which include chattel mortgages, derive their effect, not from the mere convention of the parties, but from compliance with the laws of registry.

There is no allegation on behalf of the intervener and third opponent of error or fraud with regard to the act of sale and chattel mortgage.

To hold parol evidence to be admissible in this case as proposed by the intervener and third opponent would mean the defeat instead of effectuating the purpose of the registry laws, and violate the reason and spirit of those laws, and destroy the effects of recorded acts, and convert what the lawmakers designed to be a reliable guide for the most important transactions into a trap, not only for the unwary, but even for the most prudent and diligent.

It is too well settled to admit of lengthy discussion that third persons are only bound by that which is recorded.

In the case at bar, the only vendor's lien and privilege retained were to the amount of $308.94, and no more can be shown.

Intervener and third opponent further contends our former decision in the matter of Amite Auto Co. v. Appel (Passman, Intervener), 16 La. App. 307, 134 So. 332, was wrongfully decided. We have carefully reconsidered the case, and we are fully convinced that the principle of law therein announced is sound, and the case correctly decided.

Judgment affirmed.