A complete and detailed statement of this case appears in the original opinion but we will briefly re-state the proceedings and pertinent facts.
Plaintiff instituted this action to recover for personal injuries to herself and damages to her automobile resulting from an accident on United States Highway No. 80, eight miles west of the City of Minden. The defendant is a nonresident of the State of Louisiana, and was cited through the Secretary of State pursuant to the provisions of Act 184 of 1932, which Act is known as the "Nonresident Motorists Act." A writ of attachment issued and certain movable property of the defendant found in the Parish of Webster was seized thereunder.
The prayer of plaintiff's petition contains the following:
"Your petitioner, Grace Merritt Roper, further prays that the defendant, Zack Brooks be cited and served to answer hereto, according to law, through the Secretary of State, and that a notice of such service together with a copy of the petition and citation be sent by registered mail to the defendant at Tyler, Texas, and after legal delays and a hearing had there be judgment in favor of your petitioner and against the defendant, Zack Brooks for the full sum of Four Thousand Seven Hundred Forty-six No/100 ($4,746.00) Dollars, with legal five per cent per annum interest thereon from November 1st, 1937 until paid, and all cost.
"Your petitioner further prays that the writ of attachment herein issued be maintained and that the lien and privilege resulting from the attachment on all of the property herein attached be recognized and enforced, and that said property be sold and that petitioner's claim, interest and cost be paid by preference and priority over all other creditors of the said Zack Brooks, out of the proceeds of the said sale."
Defendant excepted to the petition as disclosing no cause nor right of action. The exception was overruled. Defendant also filed a motion to require the plaintiff to elect whether she would stand on the allegation that the defendant was a nonresident, and the prayer for a writ of attachment; or stand on the prayer for personal service and personal judgment as provided by law.
This motion, over plaintiff's objection, was withdrawn. Thereafter the defendant moved to dissolve the writ of attachment, and in support of this motion he alleged:
"That plaintiff having availed herself of Act 86 of 1928, as amended by Act 184 of 1932, and accepted the Secretary of State as the duly appointed agent of the said Zack Brooks, and having cited him as such, thereby gaining personal jurisdiction as to your defendant has thereby deprived herself of the right of an attachment on the grounds of nonresidence; that the writ of attachment herein issued is also in violation of the constitutional rights of your defendant as set out in 14th Amendment, Section 1, in the Federal Constitution, and also as set out in Article 4, Section 2 of the Federal Constitution.
"That, in accordance with Act 220, Section 1 of 1932, being 2139.1 of Revised Statutes, plaintiff is specifically deprived of the right of attachment by this act."
The motion to dissolve was tried on the face of the record, supplemented by stipulation listing the items of damages sustained by the defendant as a result of the issuance of the writ and levy thereunder and the amounts thereof. The motion was overruled. Defendant then applied for an order of suspensive appeal to this Court, *Page 502 
which was also overruled. It thereupon applied to the Supreme Court for writs of certiorari, prohibition and mandamus to be directed to the trial judge. This application was rejected by the Supreme Court on the ground that since appeal in the case properly would lie to the Court of Appeal, issuance of such writs, if right existed therefor, was the province of the Court of Appeal.
After trial of the case on its merits, there was judgment in favor of the plaintiff for $1,146, with recognition of the writ of attachment. Appeal was taken, and this court reversed the decision of the lower court and awarded judgment in favor of the defendant on the merits, cast the plaintiff for costs, and further awarded the defendant the sum of $490 as damages as prayed for in his motion to dissolve and answer by way of reconventional demand.
Plaintiff filed a motion for a rehearing, urging that as the attachment was dissolved solely because plaintiff lost the case on the merits, no damages for the dissolution of the writ are allowable.
A rehearing was granted exclusively for the purpose of considering the following questions:
(1) The legality vel non of the writ of attachment.
(2) If the writ legally issued, what, if any, were the elements of damage recoverable on the defendant's reconventional demand?
We will discuss these questions in the reverse order in which they are stated.
It is believed to be a rule of law so well established that citation of authority is unnecessary that when a writ of attachment is dissolved as a result of a trial on the merits that attorneys' fees will not be allowed as an element of damages.
The reason supporting the rule, of course, is that if attorneys' fees were allowed as damages because of the dissolution of the writ of attachment resulting from a trial on the merits, it would, in effect, be allowing attorneys fees for defending the suit on the merits. This rule, however, does not apply to other elements of damage caused by the issuance of a writ that is dissolved by trial on the merits. Three Rivers Oil Company v. Laurence, 153 La. 224, 95 So. 652; Finance Security Company v. Mexic, La.App., 188 So. 657; Fariss v. Swift,156 La. 12, 99 So. 893; Socola Rice Mill Company v. Gitz, 165 La. 984,116 So. 407; Fabacher v. Rouprich, 160 La. 433, 107 So. 295; Smith v. Wm. D. Keith Motors Company, 163 La. 395, 111 So. 798; Louisiana State Rice Milling Company, Inc., v. Baker, 5 La.App. 751; Louisiana Farm Bureau Association v. Martin, 6 La.App. 736; Albert Hanson Lumber Company v. Mestayer, 130 La. 688, 58 So. 511; Kavanaugh v. Frost-Johnson Lumber Company, 149 La. 972, 90 So. 275; Witbeck v. Rea, 158 La. 1003, 105 So. 43.
In the original opinion this court made the following statement:
"The motion to dissolve is strenuously urged and elaborately argued in this court. The conclusion we here reached on the merits of the case obviates the necessity of passing on the legal question specifically propounded in the motion. We are of the opinion that plaintiff was without a cause of action against defendant as a result of the unfortunate accident, and, this being true, of course, the writ of attachment should not have issued."
It is obvious, if the cited cases be followed, that the defendant is not entitled to attorneys fees merely for the reason that the plaintiff lost the suit on the merits, and in so holding, the Court was in error. The defendant, however, is clearly entitled to the other damages suffered as a result of the issuance of the writ.
However, if the trial court was in error in refusing to dissolve the writ on the grounds assigned in the motion to dissolve, as supplemented by the stipulated damages, attorneys fees should be allowed.
The defendant contends in his motion to dissolve the writ of attachment that plaintiff cannot avail herself of the provisions of Act 86 of 1928, as amended by Act 184 of 1932, by which she gained personal jurisdiction over the defendant, and at the same time and in the same action attach the property of the defendant as a nonresident under Act 220 of 1932.
The former Act provides as follows:
"The acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the State of Louisiana, or the operation by a non-resident or his authorized employee of a motor vehicle on the said highways other than under said laws, shall be deemed equivalent to an appointment by such non-resident of the Secretary of the State of Louisiana or his successor *Page 503 
in office, to be his true and lawful attorney for service of process, upon whom may be served all lawful process in any action or proceeding against said non-resident growing out of any accident or collision in which said non-resident may be involved while operating a motor vehicle on such highways, or while same is operated by his authorized employee; and said acceptance or operation of said vehicle shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally. [Acts 1928, No. 86, Sec. 1; 1932, No. 184, Sec. 1.]
"The service of such process shall be made by serving a copy of the petition and citation on the Secretary of State, or his successor in office, and such service shall be sufficient service upon said non-resident; provided that notice of such service, together with a copy of the petition and citation are forthwith sent by registered mail by the plaintiff to the defendant, or are actually delivered to the said defendant, and defendant's return receipt, in case notice is sent by registered mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be entered against said nonresident. The Court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action. [Acts 1928, No. 86, Sec. 2].
"Nothing in this Act shall be construed as affecting other methods of process against non-residents as now provided by existing laws. [Acts 1928, No. 86, Sec. 3]."
The latter Act reads as follows:
"Section 1. In all suits instituted in any of the courts of this State in which the demand is for a money judgment and the defendant is a non-resident of this State, or when the defendant is not domiciled in this State, whatever may be the nature, character or origin of the plaintiff's claim, the plaintiff shall have the right to sue out a writ of attachment against the defendant's property, whether the claim be for a sum certain or for an uncertain amount, and whether the claim be liquidated or unliquidated, upon making affidavit and giving bond as now required by law in suits against non-resident defendants, provided that the provisions of this act shall not apply in cases in which the defendant has a duly appointed agent in the State of Louisiana upon whom service of process may be made."
We assume that defendant's property was attached under Act 220 of 1932, as the second paragraph of Article 240 of the Code of Practice, which provides for the attachment of a nonresident's property has no application to unliquidated tort claims, such as the claim in this case.
The plaintiff cited the defendant through the Secretary of State under the Nonresident Motorists Act and thereby obtained personal jurisdiction over the nonresident defendant, and the Louisiana courts were enabled to render a personal judgment against the defendant, entitled to full faith and credit in all of the states in the Union. Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.
It will be noted that Act 220 of 1932, quoted above, contains the following:
"Provided that the provisions of this Act shall not apply in cases in which the defendant has a duly appointed agent in the State of Louisiana upon whom service of process may be made."
Clearly, the nonresident defendant, by operating his motor vehicle on the highways of this State, had by virtue thereof appointed the Secretary of State his attorney for the service of process. The plaintiff accepted the designated agent and cited the defendant through the Secretary of State, thereby subjecting the defendant personally to the jurisdiction of the Louisiana courts. Act 220 of 1932, the nonresident attachment act, is therefore inapplicable by its own terms.
To hold otherwise would render the attachment act unconstitutional as a denial to the defendant of the equal protection of the laws in contravention of the 14th Amendment of the Constitution of the United States.
When a nonresident defendant is subjected to the personal jurisdiction of our courts, we are of the opinion that he is entitled to the same rights and privileges; to the protection of the same rules of evidence and procedure as a resident defendant.
The Supreme Court of Wisconsin upon being presented the identical question considered here, in State of Wisconsin ex rel. A.C. Cronkhite v. E.B. Belden, Circuit Judge, 193 Wis. 145, 211 N.W. 916, 214 N.W. 460, 57 A.L.R. 1218, held that the *Page 504 
courts of Wisconsin having once obtained jurisdiction of the person of a nonresident must determine his rights and privileges, under the same or similar circumstances, as if he were a resident. Citing Ballard v. Hunter, 204 U.S. 241, 27 S.Ct. 261, 51 L.Ed. 461.
We find the following statement of the law which is pertinent to this question in Vol. 12, page 241, section 543, American Jurisprudence:
"Equal protection of the laws of a state is extended to persons within its jurisdiction, within the meaning of the Fourteenth Amendment to the Federal Constitution, when its courts are open to them on the same condition as to others in like circumstances, with like rules of evidence and modes of procedure, for the security of their person and property, the prevention and redress of wrongs, and the enforcement of contracts."
Section 3 of the Nonresident Motorists Act provides that "nothing" in this Act shall be construed as affecting other methods of process against nonresidents as now provided by existing laws.
Of course, it was optional with this resident plaintiff whether she proceed under this Act or by other process afforded by existing laws; but once she elected to proceed under this statute and subjected the nonresident defendant personally to the jurisdiction of the Louisiana courts she cannot attach the defendant's property solely on the ground that he is a nonresident.
The plaintiff relies on the decision of Poulan v. Gallagher, La.App., 147 So. 723. The Court held in that case that the fact that a nonresident was personally served did not defeat the right to attach. The important constitutional question of equal protection of the law was apparently not therein raised by the pleadings. A number of decisions interpreting Article 240 of the Code of Practice are cited to support the decision, but as above stated, Article 240 is not applicable to unliquidated tort claims.
As this constitutional question was not raised in the Poulan case, and for the further reason that we are now of the opinion that the jurisprudence cited in the decision did not warrant the conclusion reached, we do not feel constrained to follow its implications.
Plaintiff contends on rehearing that inasmuch as the stipulation between plaintiff and defendant as to the damages suffered by the defendant as a result of the issuance of the writ was filed in evidence on a motion to dissolve and was not offered on the trial of the case on the merits in support of defendant's reconventional demand set up in his answer, that this Court has no evidence of damages or attorneys fees before it.
We do not agree with this contention. In the recent case of Younger Bros. v. Spell, 194 La. 16, 193 So. 354, the Supreme Court held that although the proper procedure was to introduce evidence of damage caused by the conservatory writ on the trial of the reconventional demand set up in the answer that if the defendant asked for damages in the motion to dissolve and plaintiff failed to object to defendant setting up and proving his reconventional demands in his motion to dissolve, that the plaintiff waived his right to later object.
The writ of attachment was illegally issued. The judgment of the trial court in overruling the motion to dissolve is reversed and set aside and there is now judgment sustaining the motion to dissolve the writ of attachment, and otherwise re-instating the judgment as rendered in the original opinion of this court.
DREW, J., recused.
HAMITER, J., dissents. *Page 699