In this case, we granted a rehearing on account of the strenuous argument by the ingenuous counsel for plaintiffs-appellees contending that we committed serious errors in our opinion in this case, 38 So.2d 88. Although we failed to state, in granting the rehearing, the ground upon which the application was granted, yet we did, on rehearing, fully inform the litigants that we were principally interested in the question of whether parol evidence could be introduced to show that the mortgage was given to secure the balance of the purchase price of the automobile in question.
Reiterating that it is a well known rule of pleading that a document which is annexed to and forms a part of the petition controls all the allegations which bear reference to it, we pass to the question of whether parol evidence is admissible to show that the amount stated as due was a part of the purchase price. In other words, the parol evidence sought to be admitted would tend to show that it was a sale and a chattel mortgage, the consideration for the chattel mortgage being the residue of the purchase price.
In the case of Amite Auto Co. v. Appel, 16 La. App. 307, 134 So. 332, plaintiff seized two trucks belonging to defendant Appel. Passman intervened and claimed a vendor's lien on the trucks. It appears from the decision that Passman had sold the two trucks to Appel. In the act of sale, the purchase price was stated as $1,943.66, of which amount $728.28 was declared as having been paid in cash and the remainder of the purchase price was divided in six equal installments due in six consecutive months, all represented by a single note, secured by vendor's lien and chattel mortgage on the property sold. The intervenor, the vendor of the trucks, attempted to show by parol that the cash part of the consideration expressed in the act of sale was not the actual amount which had been paid, and that the defendant was still indebted unto him in the amount claimed in his petition. The trial judge sustained objection to such testimony, excluded all evidence on the question of consideration and restricted the parties to the declaration in the written act of sale. Reviewing the trial judge's ruling, we stated, "We believe such ruling was undoubtedly correct under the very plain provisions of Article 2276 of the Revised Civil Code which forbids the admission of parol evidence against or beyond what is contained in written acts, or on what may have been said before or at the time of making them or since. * * * Parties are bound by their written acts which are placed of record when the rights of third parties are concerned, * * *." (Italics ours.)
We affirmed our decision of the Appel case in the case of Veillon Motor Co., Inc., v. Veillon, La. App., 161 So. 199.
We find the Appel case to be opposite to the case at bar. In the case at bar, the plaintiff is attempting to show by parol evidence that the debt mentioned in the chattel mortgage act is the unpaid part of the consideration of the purchase price of the automobile securing the debt. Our ruling sustaining the objection to the parol evidence is, in our opinion, eminently correct.
In its application for and in its brief on rehearing, the plaintiffs complain of statements made in our opinion, contending that we were in error in such statements, viz: (1) "Counsel for plaintiffs then moved to have the motion to dissolve treated as an answer. Upon this having been ordered defendant filed an answer, etc."; (2) "Under the views we take of the case it follows that the sequestration was illegally issued and it should have been dissolved on counsel's motion which was ordered to be taken as an answer to the merits." After a review of the record, we freely acknowledge that the statements are erroneous. The record discloses that defendant's motion to dissolve and the motion of plaintiffs to have the motion of defendant treated as an answer were referred to *Page 527 
the merits. The record discloses that the motion to dissolve the writ involved the merits of the case, and was tried and disposed of with the merits and on the merits. The erroneous statement supra, caused us to further err in granting unto defendant attorney's fees. The Supreme Court, in the case of Smith v. Keith Motor Co., 163 La. 395, 111 So. 798, decided that where motion to dissolve sequestration of automobile was tried and disposed of with the merits of the case, defendant was not entitled to allowance of attorney's fees for dissolving the writ. We find no distinction between that case and the case under consideration.
We have concluded to amend our judgment by disallowing the defendant the award of attorney's fees.
Our decree in this case is now amended by disallowing the award of attorney's fees and as thus amended, our decree is reinstated and made final. The defendant is granted the right to apply for a rehearing.