ELLIS, Judge.
This is a suit for the balance on the purchase price of a clock sold by plaintiff to the defendant. The suit was originally brought in the City Court of the City , of Baton Rouge, which rendered judgment for the plaintiff as prayed for, and the defendant has appealed.
Attached to the petition is a “purchase contract” signed by the defendant, Manuel Cooper, who operates a business under the trade name óf “The Beauty Clinic”. This contract, although the signed agreement is labeled a “conditional sale”, under our law, transfers title immediately. It is true that while our courts will not em force the conditional feature of a conditional sales contract, as is shown by Barber Asphalt Co. v. St. Louis Cypress Co., 121 La. 152, 46 So. 193; Finance Security Co. v. Mexic, La.App., 188 So. 657, yet, where such contracts are entered into this State the effect is to vest title in the buyer immediately. Byrd v. Cooper, 166 La. 402, 117 So. 441; Cristina Inv. Corp. v. Gulf Ice Co., La.App., 55 So.2d 685.
This contract does not bear the signature of any officers of the plaintiff company. However, the clock was delivered and the defendant admits that it is identical with that one which was mentioned and described in the contract, and no hidden nor inherent defects are asserted. Under our jurisprudence the acceptance of a contract is not required to be in writing, nor is it required to be signed by the person in whose favor it is made. It is sufficient that the vendor accepts benefits of the contract and by doing so he is bound by all of its terms. Dobbins v. Hodges, 208 La. 143, 23 So.2d 26; Schreiner v. Weil Furniture Co., La.App., 68 So.2d 149; LSA-Civil Code, Articles 1803 and 1804. ‘
An examination of the record shows that this is a suit for the balance due on a written contract to purchase a clock, and the above and foregoing overcomes the contention ,of the defendant that the contract is void in that there never was a contract and that the purchase agreement was a conditional sale, not recognized in Louisiana.
A further contention made by the defendant was that there was fraud, bad faith and misrepresentation, having to do with representations of the salesman who sold the clock. The contract itself contains a clause nullifying any authority of any *680 salesman or agent to make any representation, agreement or warranty, not printed therein. Parol evidence cannot be admitted to vary or contradict the terms of a written contract except upon proper showing of error, fraud or mistake. See Article 2276 LSA-Civil Code, and cases cited thereunder.
The Trial Court found no evidence showing any fraud, mistake, error or misrepresentation. The balance due under the contract was proven, and for these reasons the judgment of the Lower Court is hereby affirmed.